DAVID SPENCER DANIELSON v. ALAN WALKER CUMMINGS AND WILLIAM SHELBY CUMMINGS, JR.

No. 7918SC126

(Filed 6 November 1979)

**Rules of Civil Procedure § 41.1— voluntary dismissal announced in open court— one year to bring new action—when year begins to run**

    The one year period for commencing another action after the taking of a voluntary dismissal began to run when plaintiff's counsel announced in open court the submission of a voluntary dismissal and not when the written notice of dismissal was thereafter filed.

    Judge WEBB dissenting.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 5 December 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 September 1979.

Plaintiff instituted this action on 15 February 1978 alleging he was injured by the negligence of the defendants in an automobile collision in the city of Greensboro. Defendants' answer set up the plea of the statute of limitations, N.C.G.S. 1-52, and thereafter defendants filed motion for summary judgment based on the statute of limitations.

On 27 March 1975 plaintiff had instituted a suit against these defendants alleging the identical cause of action. On 1 February 1977 this previous action came on for trial, and after the jury was selected, plaintiff commenced presenting his evidence. Before resting his case, plaintiff's counsel in open court announced plaintiff had decided to take a voluntary dismissal pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure. Upon this statement, the presiding judge dismissed the jury in the case and turned to the next business of the court. Thereafter, on 25 April 1977 a written notice of voluntary dismissal was filed with the clerk.

The minutes of the court show that during the course of the trial Robert Cahoon, attorney for plaintiff, stated that a voluntary dismissal would be presented in the case. The courtroom clerk testified plaintiff's attorney stated that the plaintiff was taking a voluntary dismissal as to the action. The court allowed the motion for summary judgment and plaintiff appeals.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Charles A. Lloyd, and Robert S. Cahoon for plaintiff appellant.*

*Perry C. Henson and Perry C. Henson, Jr. for defendant appellees.*

MARTIN (Harry C.), Judge.

Plaintiff's alleged cause of action accrued on 20 August 1973. The present action was instituted on 15 February 1978; therefore, the action is barred by the three years statute of limitations, N.C.G.S. 1-52, unless it was instituted in accordance with Rule 41(a)(1) of the North Carolina Rules of Civil Procedure.

The pertinent provisions of Rule 41(a)(1) are:

> [A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, . . .. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . ..

N.C. Gen. Stat. 1A-1, Rule 41(a)(1).

This appeal turns upon the narrow question of when did the one-year period under the rule commence to run: when counsel announced in open court the submission of a voluntary dismissal, the proceedings thereupon being stopped, or when the written notice of dismissal was thereafter filed. The question appears to be one of first impression in North Carolina.

We hold the clock began to run on the one-year period when counsel made his announcement in open court. The rule allows counsel to dismiss his case either during trial (before resting his case) or at any time prior to trial. If the dismissal is taken prior to trial, opposing counsel are entitled to notice of that action. Therefore, the rule requires that a notice of dismissal be filed. Where the dismissal is announced in open court, no written notice of that action is required, as all parties to a civil action are bound to take notice of all proceedings had in the action in open court. *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709 (1953); *Hemphill v. Moore*, 104 N.C. 379, 10 S.E. 313 (1889). The

law is not so impractical as to require written notice of legal action to effectuate such action when the parties already have actual notice of the action taken from the proceedings in open court.

Rule 41(a)(1) had the effect of changing our former practice with respect to voluntary nonsuits only to the extent that the plaintiff desiring to take a voluntary dismissal must now act before he rests his case. In other respects our former practice was not expressly changed by Rule 41(a)(1). *McCarley v. McCarley*, 289 N.C. 109, 221 S.E. 2d 490 (1976). Under our former practice plaintiff could enter a nonsuit, pay the costs, and walk out of court. *See* 2 McIntosh, North Carolina Practice and Procedure (2d ed. 1956), § 1645. No notice or other paperwriting was required to be filed to effectuate the nonsuit.

To adopt plaintiff's contention would result in a plaintiff's being able to set his own statute of limitations by filing a written notice of dismissal whenever he chooses, even though his case has already been dismissed in open court. Surely, the legislature did not intend such a bizarre result when it adopted the rule.

There are no genuine issues of material fact and defendants are entitled to judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

The entry of the summary judgment is

Affirmed.

Judge ARNOLD concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent because I believe that, in an attempt to reach what may be a good result, the majority has rewritten Rule 41(a)(1). This we do not have the power to do. Rule 41(a)(1) says the case may be dismissed by "filing a notice of dismissal . . . ." To me this means filing a written paper with the court. This was done on 25 April 1977 and that was the day the action was dismissed. The majority advances some good reasons why it may be better to

allow a dismissal by announcing it in open court. To me the difficulty is that this is not what the General Assembly has said, and we are bound by the statute.