LESTER COKER, HENRY COKER, AND MRS. LENA ARMSTRONG, v. JESSE M. COKER.

(Filed 20 September, 1944.)

**1. Judgments § 22b—**

Where plaintiffs, in an independent action to set aside a former judgment, allege that they did not consent to such judgment and failed to offer evidence under the belief that the issue was to be answered by consent in their favor, their remedy, if any, is by motion in the cause; and it is permissible for the trial court to treat the action as a motion in the cause, rather than dismiss it.

**2. Same: Trial §§ 19, 20—**

On a motion in the cause to set aside a former judgment, the evidence raises questions of fact for the court to decide and not issues of fact for the jury; and the facts found, when supported by competent evidence, are conclusive.

**3. Attorney and Client §§ 6, 7—**

Counsel employed to conduct litigation has complete authority over the suit, the mode of conducting it, and all that is incident to it, and other matters which properly belong to the suit, and the management and conduct of the trial. As to the ordinary incidents of the trial counsel is under no obligation to consult his client, who must, if aggrieved by his conduct, look to his counsel for recompense.

APPEAL by plaintiffs from *Thompson, J.,* at April Term, 1944, of EDGECOMBE. Affirmed.

In 1932 Spear Coker died, leaving a paper writing, purporting to be a will, in which he devised all his property to his wife. He had no children. Plaintiffs, collateral heirs at law, filed a caveat. They were represented by V. E. Fountain, attorney. The cause came on for trial in 1935. Caveators offered no evidence. The issue of *devisavit vel non* was answered in favor of propounders and judgment sustaining the will was entered.

Thereafter, in 1943 this action was instituted. Plaintiffs, in their complaint, assert two separate alleged causes of action: (1) in ejectment, (2) to set aside the verdict and judgment in the caveat proceeding. The only defect alleged in the verdict and judgment sustaining the will of Spear Coker is in the following language:

"It is the fact that the said issue, as the plaintiffs are informed and believe, was submitted to the jury and that such submission to the jury of the issue was made before all of the evidence in the action to caveats, said Will had been actually tendered or offered in evidence. The plaintiffs further allege that the issue was submitted to the jury and the answer made to said issue under the belief at that time that said issue

was to be answered yes, or in the affirmative, by the consent of the plaintiffs in this action who were, as will appear from the caveat and the entire proceeding, the persons and parties who were or claimed to be the heirs at law of said Spear Coker, deceased."

Plaintiffs further allege that they did not consent that the issue should be answered in the affirmative or that judgment sustaining the will should be signed.

When the cause came on to be heard in the court below, evidence directed to the alleged second cause of action was offered. Upon conclusion of the evidence the court found the facts including in substance the following:

In the caveat proceeding caveators, plaintiffs herein, were represented by V. E. Fountain, Esq., with full authority to conduct the trial. All parties were present at the trial. Mr. Fountain became convinced that evidence for the caveators was not sufficient to support the allegation of mental incapacity of the testator. He so advised his clients and informed them that propounders might agree to pay the costs if caveators did not further contest the will. Plaintiffs reluctantly agreed and consented to the arrangement which was approved by propounders. The trial proceeded, the caveators offering no evidence, and the will was probated in solemn form.

Having found the facts, the court entered judgment that the defendant is the owner of the land in controversy; that plaintiffs take nothing; and that the action be dismissed at the cost of plaintiffs. Plaintiffs excepted and appealed.

*T. T. Thorne for plaintiffs, appellants.*
*Gilliam & Bond for defendant, appellee.*

BARNHILL, J. It clearly appears on the face of the complaint and from admissions made at the trial that the plaintiffs are not entitled to recover in ejectment until and unless the judgment in the caveat proceeding is vacated and set aside. They admit the judgment sustaining the will. Hence, at the time of the trial below they had no cause of action in ejectment.

Plaintiffs, in their second cause of action, seek to attack the former judgment by independent action rather than by a motion in the original cause. On the facts alleged their remedy, if any, is by motion in the cause. McIntosh, N. C. P. & P., 744, sec. 656; *Horne v. Edwards,* 215 N. C., 622, 3 S. E. (2d), 1; *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5; *Rosser v. Matthews,* 217 N. C., 132, 6 S. E. (2d), 849; *Wynne v. Conrad,* 220 N. C., 355, 17 S. E. (2d), 514; *Cox v. Cox,* 221 N. C., 19, 18 S. E. (2d), 713; *Monroe v. Niven,* 221 N. C., 362, 20

S. E. (2d), 311. The court below, rather than dismiss, treated it as such. This was permissible. *Finance Co. v. Trust Co.,* 213 N. C., 369, 196 S. E., 340, and cases cited.

Being a motion to set aside the former judgment, the evidence raised questions of fact for the court to decide and not issues of fact for the jury. *Cleve v. Adams,* 222 N. C., 211, 22 S. E. (2d), 567.

The facts found, being supported by competent evidence, are conclusive. They are amply sufficient to sustain the judgment entered thereon.

No fraud or bad faith on the part of counsel in the former action is asserted. There is no evidence that the issue of *devisavit vel non* was answered by consent. It was answered by the jury under the instructions of the court on the evidence offered. The evidence tends to show nothing more than that counsel, over the protest of his clients, decided to offer no evidence of mental incapacity of the testator. There was evidence of assent on the part of the plaintiffs and evidence *contra.* The court found as a fact that caveators were fully advised of the course counsel proposed to follow and that they assented.

Counsel employed to conduct litigation has complete authority over the suit, the mode of conducting it, and all that is incident to it, such as withdrawing the record, withdrawing a juror, *calling no witnesses,* and other matters which properly belong to the suit, and the management and conduct of the trial. *Bank v. McEwen,* 160 N. C., 414, 76 S. E., 222. He has the free and full control of the case in its ordinary incidents, and as to those incidents is under no obligation to consult his client. *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955.

The attorney may exercise his discretion in all the ordinary occurrences which take place in a cause and may make stipulations, waive technical advantages, and generally assume the control of the action. Weeks, Attorneys at Law, p. 385; *Gardiner v. May, supra; Harrington v. Buchanan,* 222 N. C., 698, 24 S. E. (2d), 534. If the clients are aggrieved by his conduct in such matters, they must look to him for recompense.

The judgment below must be
Affirmed.