WILLIAM W. BUNDY v. WILL AYSCUE (ASKEW) AND JAMES R. WALKER, JR., GUARDIAN AD LITEM

No. 691SC185

(Filed 13 August 1969)

1. Trial § 3—  motion for continuance — discretion of court

   A motion for continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable in the absence of manifest abuse of discretion.

2. Judgments § 24;   Trial § 3—  motion to set aside judgment for excusable neglect — denial of continuance

   The trial court did not abuse its discretion in denying defendant's motion for a continuance of the hearing on his motion to vacate a judgment against him on the grounds of mistake, surprise and excusable neglect, where defendant had more than four months to prepare for the hearing on his motion.

**3. Judgments §§ 24, 34; Jury § 1— motion to vacate judgment for excusable neglect — questions of fact — jury trial**

The trial court did not err in the denial of defendant's motion for a jury trial on the questions of fact raised by his motion to vacate a judgment against him on the grounds of mistake, surprise and excusable neglect, questions of fact arising on such motion being for the court and not issues of fact for a jury.

**4. Appeal and Error § 57; Judgments § 34— motion to vacate judgment under G.S. 1-220 — findings of fact — appellate review**

Findings of fact by the trial court on motion to vacate a judgment for mistake, surprise or excusable neglect are binding on appeal if supported by competent evidence.

**5. Appeal and Error § 42— evidence not in record — presumption**

When the evidence is not in the record, it will be presumed that there was sufficient evidence to support the trial court's findings of fact.

**6. Judgments § 25— excusable neglect — mental incompetency — deliberate refusal to attend trial**

The trial court properly denied defendant's motion under G.S. 1-220 to vacate a judgment rendered against him on the ground that his failure to appear at the trial and defend the action was due to mental incompetency, where the court found that defendant was mentally competent at the time of the trial and that he deliberately refused to attend the trial, defendant's failure to defend the action not being the result of excusable neglect.

**7. Judgments §§ 24, 29— excusable neglect — meritorious defense**

There must be both excusable neglect and a meritorious defense in order to warrant vacating a judgment under G.S. 1-220.

APPEAL by defendants from order of *Fountain, J.,* entered 11 November 1968 in Chambers.

This is an appeal from an order denying defendants' motion to set aside a judgment on the grounds of mistake, surprise and excusable neglect.

On 15 November 1963 plaintiff instituted a civil action in the Superior Court of Perquimans County against the defendant, Will Ayscue, to obtain specific performance of a contract to convey real property belonging to defendant. Plaintiff alleged in his complaint that: On 4 November 1962 Ayscue had contracted to sell to him and he had agreed to purchase from Ayscue a particularly described tract of land for the sum of $3,000.00, of which $100.00 had been paid by check at the time of making the agreement; a written memorandum of the agreement was made in the form of a notation on the face of the $100.00 check which had been endorsed by defendant; in apt time as required by the agreement plaintiff had tendered

the full balance of the purchase price, but Ayscue had refused to comply with his agreement. Summons and copy of the complaint were personally served on the defendant Ayscue on 16 November 1963. Thereafter, after obtaining extension of time, Ayscue filed answer, admitting ownership of the land in question but denying the contract to convey and specifically pleading that the alleged agreement was not in writing as required by G.S. 22-2.

The case was calendared for trial at the January-February 1966 Session of Perquimans Superior Court, at which time Ayscue was advised of the trial date by his attorneys but refused to attend court. Trial was continued and set peremptorily for the March 1966 Session, at which time Ayscue's attorneys reported to the court that the defendant had refused to confer with them with reference to the case, had falsely accused them of "selling out," and had informed them that he was not going to appear in court. On 7 March 1966 the presiding judge entered an order allowing Ayscue's attorneys to withdraw from the case, and a copy of this order was served on him on 22 April 1966. The case again appeared on the calendar for the March 1967 Session of Superior Court, at which time the judge presiding again continued trial of the case and directed that a copy of the order be served on defendant Ayscue, including a notification "that he be advised that he is to procure counsel to represent him if he so desires." This notice was served on defendant on 7 March 1967. The case was again calendared for trial at the March 1968 Session of Superior Court, a copy of the court calendar for that session being mailed to defendant Ayscue by regular U.S. mail. The defendant did not appear for the trial either in person or by attorney. The case was tried at the March 1968 Session of Perquimans Superior Court before judge and jury, the jury answering issues in favor of the plaintiff, and judgment being entered on the verdict on 7 March 1968 in favor of the plaintiff directing specific performance of the contract.

On 9 July 1968 defendant Ayscue, through newly employed counsel, filed a motion to set aside the 7 March 1968 judgment pursuant to G.S. 1-220, on the grounds of mistake, surprise and excusable neglect. As grounds for this motion, defendant Ayscue alleged fraudulent misrepresentations on the part of the plaintiff at the time the alleged agreement of sale had been entered into on 4 November 1962, and further alleged that at that time as well as at the date of the trial and judgment, defendant Ayscue had been mentally incompetent. On these grounds defendant Ayscue moved that a guardian ad litem be appointed to represent him and that the 7 March

1968 judgment be vacated. On 19 July 1968 plaintiff filed a reply to defendant's motion, denying the allegations as to fraud and as to defendant's mental incapacity. At the October 1968 Session of Perquimans Superior Court Ayscue's attorney filed a motion that the matter of the defendant's competency be referred to the clerk of superior court for hearing and decision and that hearing on the motion to vacate the judgment be continued for the term. On 30 October 1968 the court entered an order in which it is expressly stated that the court did not find defendant Ayscue to be incompetent, but found that "he is present in his own proper person, and with his attorney, and as a precautionary measure, and at the request of defendant's counsel," the court appointed defendant's counsel, James R. Walker, to represent the defendant not only as attorney but as guardian ad litem at the hearing on his motion to vacate the judgment. On 31 October 1968 the court entered an order in which it is recited that the court had indicated it would not grant defendant's motion for continuance of the hearing on the motion to vacate the judgment, "but this Session concluded while the defendant's counsel was engaged in court elsewhere, and as an accommodation to him and his client the Court, on its own motion continues the hearing to be heard" on 11 November 1969. On 11 November 1969 defendant's counsel again moved to continue the hearing on defendant's motion to vacate the judgment, and also moved for a jury trial on the issues raised in the motion to vacate as to the alleged fraud on the part of the plaintiff in inducing defendant to make the contract of sale, and as to defendant's incompetency at the time of the contract and at the time of the trial. The court denied the motion to continue, denied the motion for a jury trial, and proceeded to hear defendant's motion to vacate the 7 March 1968 judgment on affidavits offered by each party and on the record, no oral evidence being tendered by either party. The court then entered an order finding as a fact "that the defendant at the time of the institution of this action against him, and at the time of the trial of his cause, was mentally competent to know and understand the nature and cause of action against him, and that he deliberately refused to attend the trial and the trial was regularly conducted, and judgment was entered on the verdict, and no sufficient cause is made to appear as to why the Judgment should be set aside."

On these findings, the court denied defendant's motion to vacate the 7 March 1968 judgment, and defendant appealed.

*Silas M. Whedbee and W. H. Oakey, Jr., for plaintiff appellee.*
*James R. Walker, Jr., for defendant appellant.*

.   PARKER, J.

**[1, 2]**   Defendant first assigns as error the denial of his motions for a continuance of the hearing on his motion to vacate the judgment which had been rendered against him. "A motion for continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable in the absence of manifest abuse of discretion." 7 Strong, N.C. Index 2d, Trial, § 3, p. 258. In the present case there is no basis for appellant's contention that denial of his motions for continuance was a manifest abuse of the trial court's discretion. Appellant filed his motion to vacate the 7 March 1968 judgment which had been rendered against him on 9 July 1968. The motion was not heard and ruled upon until 11 November 1968. Appellant had more than four months in which to prepare for the hearing on his own motion. Clearly the court did not abuse its discretion in refusing to grant him additional time.

**[3]**   Appellant next assigns as error the denial of his motion for a jury trial on the questions of fact raised by his motion to vacate the judgment. There is no merit in this assignment of error. A motion to set aside a former judgment on the grounds of mistake, surprise, or excusable neglect, is addressed to the court. G.S. 1-220. Questions of fact arising thereon are for the court to decide and are not issues of fact for a jury. 2 McIntosh, N.C. Practice and Procedure 2d, § 1717; *cf. Coker v. Coker,* 224 N.C. 450, 31 S.E. 2d 364; *Cleve v. Adams,* 222 N.C. 211, 22 S.E. 2d 567.

**[4-7]**   In the present case the court found as a fact that the defendant at the time of the institution of the action against him and at the time of the trial was mentally competent, and that he deliberately refused to attend the trial. The court also found as a fact that the trial was regularly conducted, judgment was entered on the verdict, and no sufficient cause was made to appear why the judgment should be set aside. These findings are binding on appeal if supported by competent evidence. *Coker v. Coker, supra.* The affidavits submitted by the parties and considered by the court before making its findings have not been included in the record on appeal. When the evidence is not in the record, it will be presumed that there was sufficient evidence to support the trial court's findings of fact. *In re Warrick,* 1 N.C. App. 387, 161 S.E. 2d 630; 1 Strong N.C. Index 2d, Appeal and Error, § 42, p. 185 and cases cited. Since the trial court has found as a fact that defendant was mentally competent at the time of the trial which resulted in the judgment against him and that he had deliberately refused to attend the trial, there is no basis in the record for any finding that defendant's failure to

defend the action was the result of any mistake, surprise, or excusable neglect on his part. In the absence of any showing of mistake, surprise or excusable neglect, the question of whether defendant had a meritorious defense becomes immaterial. *Meir v. Walton*, 2 N.C. App. 578, 163 S.E. 2d 403. The trial judge has considered the evidence and has found the facts which he deems to be established thereby, and these facts fail to show a case of excusable neglect. There must be both excusable neglect and a meritorious defense in order to warrant vacating the judgment. *Lumber Co. v. Cottingham*, 173 N.C. 323, 92 S.E. 9.

Affirmed.

MALLARD, C.J., and BRITT, J., concur.