WILLIAM W. BUNDY v. WILL AYSCUE (ASKEW) AND JAMES R. WALKER, JR., GUARDIAN AD LITEM

No. 39

(Filed 10 December 1969)

1. **Appeal and Error §§ 1, 3— appeal from Court of Appeals to Supreme Court — substantial constitutional question — dismissal of appeal**

   For failure of appellant to show that a substantial constitutional question is involved such as will entitle him to an appeal as a matter of right from a decision of the Court of Appeals pursuant to G.S. 7A-30(1), the Supreme Court dismissed the appeal from a decision of the Court of Appeals.

2. **Judgments §§ 24, 31— motion to set aside judgment for excusable neglect — questions of fact — jury trial**

   A motion to set aside a former judgment on the grounds of mistake, surprise or excusable neglect is addressed to the court, and questions of fact arising on the motion are for the court and are not issues of fact for the jury.

   MOORE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from decision of the North Carolina Court of Appeals.

This is an appeal from an order denying defendant's motion to set aside a judgment on the ground of mistake, surprise and excusable neglect. Plaintiff instituted this action against defendant for

specific performance of an alleged contract to convey real property. The facts are fully and correctly stated by the Court of Appeals in its opinion reported in 5 N.C. App. 581. We therefore will not repeat those facts leading to the entry of the order attacked, except to note that the case was calendared for trial at the January-February 1966 Session of Perquimans Superior Court, at which term defendant's attorneys, Gerald F. White and Robert B. Lowry, reported that defendant refused to come to court. The case was calendared, with appropriate notice to defendant, at the March 1966 Session and the March 1967 Session of Perquimans Superior Court, and defendant failed or refused to appear in court. The court entered an order allowing defendant's original counsel, who had duly filed answer, to resign at the March 1966 Session and gave defendant notice thereof. The case was again calendared at the March 1968 Session and a copy of the court calendar was mailed to defendant. He did not appear in personam or by counsel, and the case was tried. The jury answered appropriate issues in favor of plaintiff, and on 7 March 1968 judgment was entered directing specific performance of the contract.

On 9 July 1968 defendant, through new counsel, moved that the judgment entered on 7 March 1968 be set aside on the ground of mistake, surprise and excusable neglect. In support of the motion defendant alleged mental incompetency both at the time of the alleged agreement and at the time of the trial and entry of judgment, and fraudulent representations by plaintiff at the time of the alleged agreement. He further prayed for appointment of a guardian ad litem. Plaintiff filed a reply in the nature of a general denial.

At the October 1968 Session of Perquimans Superior Court defendant's attorney moved that the hearing on his motion be continued and that the question of defendant's incompetency be referred to the Clerk of Superior Court. On 30 October 1968 the court entered an order in which it stated that the court did not find Ayscue to be incompetent, but as a precautionary measure and at the request of defendant's counsel the court appointed defendant's counsel, James R. Walker, Jr., to represent the defendant not only as attorney but as guardian ad litem. The court, on its own motion, continued the hearing to 11 November 1968. On 11 November 1968, defendant's counsel again moved for a continuance, and moved for a jury trial on issues raised in the motion to vacate, including defendant's incompetency at the time of trial and at the time of the alleged contract. The court denied both the motion for jury trial and the motion for continuance and proceeded to hear the motion to set aside the judgment entered on 7 March 1968 upon affidavits

of each party. At the conclusion of the hearing the court entered an order in which it, *inter alia,* found:

> "The court finds as a fact that the defendant, his counsel and guardian ad litem heretofore appointed, have had ample opportunity to offer any evidence, either by affidavit, or otherwise, and that such motion to continue should be denied, and the Court finds as a fact that neither of the parties is entitled to a jury trial, to determine whether the Judgment should be set aside. The Court thereupon considers the affidavits offered by each of the parties, and the record in the cause, and upon the evidence so offered, there being no oral evidence tendered by either of the parties, the Court finds as a fact that the defendant at the time of the institution of this action against him, and at the time of the trial of his cause, was mentally competent to know and understand the nature and cause of action against him, and that he deliberately refused to attend the trial and the trial was regularly conducted, and judgment was entered on the verdict, and no sufficient cause is made to appear as to why the Judgment should be set aside."

The court thereupon entered an order denying defendant's motion to set aside the judgment entered on 7 March 1968. Defendant appealed to the North Carolina Court of Appeals, and that Court affirmed the trial court. Defendant appealed.

*W. H. Oakey, Jr., and Silas M. Whedbee, attorneys for plaintiff.*

*James R. Walker, Jr., attorney for defendant and Guardian ad Litem.*

BRANCH, J.

[1]    Defendant appeals to this Court under provisions of G.S. 7A-30(1), contending he was denied his constitutional rights as secured by Article I, Section 17, of the North Carolina Constitution, and the Fourteenth Amendment to the United States Constitution, in that he was denied a jury trial as to his mental capacity at the time of the filing of the original suit, its trial, and during the pendency of this motion. Defendant also contends that he was denied right of jury trial and the right to confront witnesses at the original trial.

In the case of *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376, this Court considered the right of a party to appeal, as a matter of right, from a decision of the Court of Appeals to the Supreme Court under G.S. 7A-30(1), and stated:

". . . we hold that an appellant seeking a second review by the Supreme Court as a matter of right on the ground that a substantial constitutional question is involved must *allege and show* the involvement of such question or suffer dismissal. The question must be real and substantial rather than superficial and frivolous. It must be a constitutional question which has not already been the subject of conclusive judicial determination. Mere mouthing of constitutional phrases like 'due process of law' and 'equal protection of the law' will not avoid dismissal. Once involvement of a substantial constitutional question is established, this Court will retain the case and may, in its discretion, pass upon any or all assignments of error, constitutional or otherwise, allegedly committed by the Court of Appeals and properly presented here for review."

It must be borne in mind that this is an appeal from an order denying defendant's motion to set aside a judgment on the grounds of mistake, surprise or excusable neglect. The order was entered four months after filing of the motion, and defendant was represented by the same counsel in every phrase of the pending motion from the date it was filed until the order was entered. This was not an inquisition of lunacy as provided by Chapter 35 of the General Statutes, and the mental condition of defendant was only a matter of evidence to be considered by the trial judge in finding facts and reaching conclusions of law as to the disposition of the motion before him.

[2] A motion to set aside a former judgment on the grounds of mistake, surprise or excusable neglect is addressed to the court, and questions of fact arising on the motion are for the court and are not issues of fact for the jury. *Coker v. Coker,* 224 N.C. 450, 31 S.E. 2d 364; *Cleve v. Adams,* 222 N.C. 211, 22 S.E. 2d 567.

[1] An examination of this record leads us to conclude that defendant has failed to show that a substantial constitutional question is involved in this appeal, and the appeal must be dismissed. However, since this appeal indirectly affects an important property right, we have closely reviewed and considered the well-reasoned opinion of Parker, J., speaking for the North Carolina Court of Appeals, and find it to be free from error.

Appeal dismissed.

MOORE, J., took no part in the consideration or decision of this case.