R. D. SAWYER AND WIFE, ERMA SAWYER v. LAWRENCE GOODMAN AND LOWELL NELSON, T/A SAILS ASSOCIATES

No. 821SC875

(Filed 5 July 1983)

**Rules of Civil Procedure § 60.2— refusal to set aside default judgment**

The trial court did not err in refusing to set aside a default judgment against defendant for "any other reason" under G.S. 1A-1, Rule 60(b)(4) on the ground that defendant was not validly served with process and was unaware of the suit against him where the court's jurisdiction over defendant through valid service of process was amply supported by the record, there was evidence tending to show that defendant learned about the suit near its beginning and could have contested it had he been so inclined, and defendant's af-

fidavit did not clearly establish that his motion was filed within a reasonable time after learning of the judgment.

APPEAL by defendant Nelson from *Battle, Judge*. Order entered 1 June 1982 in Superior Court, DARE County. Heard in the Court of Appeals 7 June 1983.

This appeal is from an order denying defendant's motion to set aside a default judgment rendered against him February 14, 1979.

According to the record and plaintiffs' affidavit: In August 1978, plaintiffs sued defendants for rent due for occupying certain Dare County realty under a lease entered into in 1973 and modified in 1975. The defendants had the same mailing address in Rockville, Maryland and upon the Dare County Sheriff being unable to serve the defendants, the plaintiffs sent alias and pluries summonses to them at their address by certified mail. The mailing to the defendant Goodman was returned by the post office marked "unclaimed"; the mailing to the defendant Nelson was received by his wife, Kathleen Nelson, who signed therefor. Since no service had been accomplished on the defendant Goodman and the service on the defendant Nelson was subject to question, plaintiffs served both defendants by publishing the requisite notice in a Manteo newspaper, and copies of the notice mailed to them at their Maryland address were not returned. No answers were filed, and in January 1979, plaintiffs scheduled the matter for hearing and copies of the calendar request were mailed to the defendants in Maryland. When the scheduled hearing was held judgment in the amount of $9,261.00 was entered against both defendants.

Defendant Nelson's motion and affidavit, filed February 19, 1982, asserted that he was not validly served with process, none of the mailings were received by him, the letter his wife received did not contain a copy of the summons and complaint, he was unaware of the suit until he was sued on the judgment in Maryland, and had a meritorious defense. At the hearing thereon the judge found that defendant had "failed to establish any facts entitling him to relief" and refused to disturb the judgment.

*Aldridge, Seawell & Khoury, by G. Irvin Aldridge, for plaintiff appellees.*

*White, Hall, Mullen, Brumsey & Small, by G. Elvin Small, III, for defendant appellant.*

PHILLIPS, Judge.

Although the defendant's motion alleges that the judgment is a nullity, as it would be if he was not properly served with process, instead of the motion being treated as one to set aside a *void* judgment under Rule 60(b)(4) of the Rules of Civil Procedure, it was treated, perhaps at the defendant's request, as a motion justifying relief for "any other reason" under Rule 60(b)(6). This may have been because it was correctly recognized that the court's jurisdiction over the defendant through valid service of process is amply supported by the record and because of the wide latitude that trial judges have in granting relief from judgments under Rule 60(b)(6). But the trial judge's extensive power to afford relief in situations of this kind is accompanied by a corresponding discretion to deny it, and the only question for our determination, as the appellant recognizes, is whether the court abused its discretion in denying defendant's motion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975).

No abuse of discretion has been shown. Though defendant's affidavit is to the contrary, the evidence which tends to show that defendant did learn about the suit near its beginning and could have contested it had he been so inclined clearly justifies the decision made. There being competent evidence of record on both sides of the issue, its evaluation was for the trial judge, not us. In evaluating the evidence, weight may have been given to the fact that defendant's affidavit does not establish clearly and directly, as situations like this require, that his motion was filed within a reasonable time after learning of the judgment, as the rule requires. Though defendant asserts he did not learn of the suit until he was sued on the judgment in Maryland, his affidavit does not state when that was or what period of time passed before relief from the court was sought. Explicit information about that and any delay that occurred would no doubt have been helpful to the court, since the defendant's motion was not filed until February 1982, and plaintiffs claim that the Maryland case was filed in 1979.

The order appealed from is therefore

Affirmed.

Judges HEDRICK and WELLS concur.