IN THE MATTER OF: DOUGLAS YATES HALL, MINOR CHILD

No. 8728DC983

(Filed 19 April 1988)

**Parent and Child § 1.5— termination of parental rights—action to set aside judg-
ment—no showing of excusable neglect**

The trial court properly denied respondent's motion to set aside a judg-
ment terminating her parental rights, concluding that respondent had not
shown excusable neglect, where respondent was duly served with summons, a
copy of the petition, and a note informing her of her right to have a court-ap-
pointed attorney and providing her a telephone number to call to have an at-
torney appointed; respondent did not reply; she was unemployed at the time
and was receiving money, food, and gas from police and charitable organiza-
tions; she returned to North Carolina two months after she was served, in her
own car, by obtaining food and gasoline at various police stations and
churches; the court found no evidence that respondent was unable to return to
North Carolina by that method when she was served at the time of the hear-
ing; and respondent's poor financial situation and her limited ability to under-
stand the importance of the petition did not establish excusable neglect.
N.C.G.S. § 1A-1, Rule 60(b)(1).

APPEAL by respondent from *Tate, Judge.* Order entered 9
July 1987 in District Court, BUNCOMBE County. Heard in the
Court of Appeals 3 March 1988.

This is a proceeding initiated by the Buncombe County De-
partment of Social Services (DSS) to terminate respondent's
parental rights. On 29 January 1987, after a hearing at which re-
spondent failed to appear, the court terminated respondent's
parental rights. Respondent's infant child, Douglas Yates Hall,
was born on 27 May 1986, after only 26 weeks of gestation.
Respondent and Douglas' father visited him in the hospital on
several occasions, the last of which was on 12 October 1986.
Shortly thereafter, respondent went to Alabama with Douglas'
father and her other minor child, without making any arrange-
ments for Douglas' care. When he was ready to be discharged

from the hospital in early November 1986, respondent's whereabouts were unknown.

On 12 November 1986, DSS filed a petition to terminate the parental rights of both parents. Respondent was properly served on 18 December 1986 but did not answer and did not appear at the hearing. The trial court concluded that Douglas had been neglected by his parents and that it was in Douglas' best interests to terminate both parents' parental rights and release him for adoption.

Respondent returned to North Carolina in February 1987 and contacted legal counsel in April 1987. On 24 June 1987, respondent moved pursuant to G.S. 1A-1, Rule 60(b)(1), to set aside the judgment and conduct a new hearing. Her motion alleged that she had a meritorious defense and that her failure to appear at the hearing was due to "excusable neglect." The trial court denied respondent's motion, concluding that her motion was not filed within a reasonable time after entry of judgment, that she had not shown excusable neglect, and that she had not pled a meritorious defense. Respondent appeals.

*Legal Services of the Blue Ridge, Inc., by Louise Ashmore, for the respondent-appellant.*

*Rebecca B. Knight, for petitioner-appellee Buncombe County Department of Social Services.*

*Richard Schumacher, for petitioner-appellee Guardian Ad Litem.*

EAGLES, Judge.

Rule 60(b)(1) of the North Carolina Rules of Civil Procedure allows the trial court to relieve a party from a final judgment for "[m]istake, inadvertence, surprise, or excusable neglect." G.S. 1A-1, Rule 60(b)(1). A Rule 60(b)(1) motion must be made within a reasonable time, *Brady v. Town of Chapel Hill*, 277 N.C. 720, 178 S.E. 2d 446 (1971); G.S. 1A-1, Rule 60(b)(1), and the movant must show both the existence of one of the stated grounds for relief, and a "meritorious defense." *Howard v. Williams*, 40 N.C. App. 575, 253 S.E. 2d 571 (1979). Even if we were to assume that respondent filed her motion within a reasonable time and had pled a

meritorious defense, respondent failed to show "excusable neglect."

Although the decision to set aside a judgment under Rule 60(b)(1) is a matter within the trial court's discretion, *Sawyer v. Goodman*, 63 N.C. App. 191, 303 S.E. 2d 632, *disc. rev. denied*, 309 N.C. 823, 310 S.E. 2d 352 (1983), what constitutes "excusable neglect" is a question of law which is fully reviewable on appeal. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 349 S.E. 2d 552 (1986). However, the trial court's decision is final if there is competent evidence to support its findings and those findings support its conclusion. *Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 219 S.E. 2d 787 (1975). Whether the movant has shown excusable neglect must be determined by his actions at or before entry of judgment. *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *disc. rev. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976). Here, the relevant findings of the trial court show, as a matter of law, an absence of excusable neglect.

When a party is duly served with a summons, yet fails to give her defense the attention which a person of ordinary prudence usually gives her important business, there is no excusable neglect. *East Carolina Oil Transport v. Petroleum Fuel & Terminal Co.*, 82 N.C. App. 746, 348 S.E. 2d 165 (1986), *disc. rev. denied*, 318 N.C. 693, 351 S.E. 2d 745 (1987). The trial court found that respondent was personally served with the summons, and a copy of the petition. Respondent also received an enclosed notice, which informed her of her right to have a court appointed attorney if she could not afford to hire counsel, and provided a telephone number for her to call to have an attorney appointed. The court found that respondent saw the telephone number but failed to call, either to get an attorney or to request a continuance. The trial court also found that respondent was unemployed at the time and was receiving money, food and gas from police and charitable organizations. Respondent returned to North Carolina in February 1987, in her own car, by obtaining food and gasoline at various police stations and churches. The court found no evidence that respondent was unable to return to North Carolina by that method in December or January. These findings establish that respondent failed to use ordinary prudence to defend the action against her. Consequently, the trial court properly concluded that respondent did not show excusable neglect.

Respondent does not argue that the trial court's findings are unsupported by the evidence. Instead, she contends that the court's findings, and other evidence not addressed in the findings, regarding her poor financial situation and her limited ability to understand the importance of the petition, establish excusable neglect. We do not agree.

The trial court found that respondent was unemployed and was receiving food and money from charitable organizations. Other evidence shows that she was living in a trailer, rent-free, was caring for her nine year old daughter, had lost her driver's license, had tried calling DSS on two occasions, and had no money to travel to North Carolina. Respondent's poor financial condition, however, does not account for her failure to call or write court authorities, or to make further attempts to contact DSS. Moreover the record contains no evidence that respondent made any effort to seek local legal counsel or attempt to get financial or other assistance from the Texas Department of Social Services, or the charitable organizations which were providing her with money, food, and gasoline; nor can we speculate that such efforts would have been unavailing. In addition, her return to North Carolina in February belies her argument that she was financially unable to return for the hearing in January. In fact, respondent testified that she could have returned to North Carolina in January but did not think about it because she was worrying about finding work, caring for her other child, and the termination of her relationship with Douglas' father. Respondent's financial situation may, indeed, have been a difficult one but, under the circumstances, it does not constitute excusable neglect.

Respondent's claim that she was confused about the summons and what she should do in response also fails to establish excusable neglect. A party may not show excusable neglect by merely establishing that she failed to obtain an attorney and was ignorant of the judicial process. See Gregg v. Steele, 24 N.C. App. 310, 210 S.E. 2d 434 (1974). Similarly, the fact that the movant claims he did not understand the case, or did not believe that the court would grant the relief requested in the complaint, has been held insufficient to show excusable neglect, even where the movant is not well educated. See Boyd v. Marsh, 47 N.C. App. 491, 267 S.E. 2d 394 (1980). Respondent could read and write and there is no evidence she was suffering from a mental incapacity. Cf.

*Wynnewood Corp. v. Soderquist, supra.* The evidence shows that respondent knew both the nature of the proceedings against her and her obligation to return to North Carolina for the hearing. Under the circumstances, respondent's failure to take action to defend her case is not excusable neglect.

Absent a showing of excusable neglect, whether the movant pled a meritorious defense becomes immaterial. *Bundy v. Ayscue,* 5 N.C. App. 581, 169 S.E. 2d 87, *appeal dismissed,* 276 N.C. 81, 171 S.E. 2d 1 (1969). Therefore, we need not address respondent's remaining argument regarding the admission of allegedly irrelevant evidence concerning the merits of the petition for termination.

Affirmed.

Judges COZORT and SMITH concur.