**MITCHELL COUNTY DSS v. CARPENTER**

[127 N.C. App. 353 (1997)]

MITCHELL COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellee/Petitioner v.
MICHELLE CARPENTER, Appellant/Respondent

No. COA97-261

(Filed 2 September 1997)

**1. Appeal and Error § 206 (NCI4th)— notice of appeal—time not tolled by Rule 60 motion—notice of appeal not timely—dismissal of appeal**

Respondent's time for filing a notice of appeal from an 11 June 1996 order terminating her parental rights was not tolled by respondent's filing of a Rule 60 motion seeking relief from the trial court's order on the basis of excusable neglect; therefore, since respondent failed to give timely notice for appeal from the 11 June 1996 order, the appeal was dismissed.

**2. Judgments § 419 (NCI4th)— termination of parental rights—failure to appear—not excusable neglect**

The trial court did not err in refusing to set aside a judgment against respondent on the ground of excusable neglect for her failure to appear at a hearing to terminate her parental rights where the evidence in the record revealed that respondent was disabled, did not have a driver's license, depended upon her husband and others for transportation, and did not have a telephone; she did not ask her husband to take her to court until the day of the hearing and he refused; she did not ask her in-laws, who lived nearby, if she could use their phone to call her attorney when she discovered no transportation was available; and nothing in the record shows that respondent was lulled into missing the court date by any assurances of her husband.

Judge Wynn dissenting.

Appeal by respondent from orders entered 11 June 1996 and 28 November 1996 by Judge R. Alexander Lyerly in Mitchell County District Court. Heard in the Court of Appeals 25 August 1997.

On or about 9 February 1996, petitioner Mitchell County Department of Social Services filed a petition to terminate the parental rights of respondent and her husband with regard to their minor child, Brittany Michelle Carpenter. An order had previously been entered adjudging the child to be a neglected juvenile and placing her in petitioner's custody.

MITCHELL COUNTY DSS v. CARPENTER

[127 N.C. App. 353 (1997)]

Respondent failed to appear at a hearing held 4 June 1996, but she was represented by counsel at the hearing. Respondent's counsel moved for a continuance, but the trial court denied the motion. Petitioner presented evidence, and the trial court heard arguments of counsel. On 11 June 1996, the trial court entered an order finding, *inter alia*, as follows:

6) In an Order entered on 12 April 1994, by the Honorable Claude Smith, District Court Judge, the juvenile herein was adjudicated as a neglected juvenile pursuant to N.C.G.S. § 7A-517(21).

7) The above captioned juvenile has been in the custody of the Petitioner, Mitchell County Department of Social Services, since 12 April 1994.

8) Petitioner has provided numerous services to respondents, in order to achieve reunification. These efforts have been unsuccessful, and respondent parents have failed to consistently comply with requirements of the reunification plan.

9) The juvenile herein has remained in the custody of Petitioner for a period in excess of twelve months without any substantial progress by respondent parents to eliminate the conditions resulting in the removal of the child from their care and the aforementioned neglect adjudication.

Based upon its findings, the trial court concluded as follows:

1) The aforementioned respondent parents have willfully left the child in foster care for more than twelve months consecutive, without showing to the satisfaction of the Court that substantial progress has been made within twelve months in correcting those conditions which led to the removal of the child, and without showing positive response within twelve months to the diligent efforts of the Petitioner to encourage the parents to strengthen the parental relationship to the minor child or to make and follow through with constructive planning for the future of the minor child.

2) The minor child herein has been adjudicated as a neglected child as defined by N.C.G.S. § 7A-517(21).

Based upon its conclusions, the trial court ordered that respondent's parental rights as to Brittany Carpenter be terminated.

On 25 September 1996, respondent filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 (1990) seeking relief from the trial court's orders denying her motion for a continuance and terminating her parental rights. In the motion, respondent stated she was unable to attend the hearing on 4 June 1996 because she is physically disabled, does not have a driver's license, and when she asked her husband to take her to court on the morning of the hearing he refused because he felt they would lose the case. Respondent further asserted that had she been in court she "would have shown that the plans for reunification established by [petitioner] were inadequate in light of [her] disabilities . . . and her personal living situation."

Following a hearing held on 12 November 1996, the trial court entered an order making the following pertinent findings of fact:

6) The files and records in these matters are replete with efforts, on behalf of Mitchell County DSS, to reunify Brittany Michelle Carpenter with Respondent Michelle Carpenter. These files and records are replete with examples of Respondent Michelle Carpenter's failure to show any substantial progress in obtaining this reunification.

7) Respondent Michelle Carpenter received adequate and legal notification of the termination hearing scheduled for 04 June 1996. It was incumbent upon her to appear at that time if she desired to be heard in that matter.

Based upon these findings of fact, the trial court concluded as follows:

1) There is no excusable neglect, on the part of Respondent Michelle Carpenter, relative to her failure to appear at the hearing on 04 June 1996.

2) Respondent Michelle Carpenter has no meritorious defense to the proceeding terminating her parental rights to Brittany Michelle Carpenter.

Based upon these conclusions, the trial court denied respondent's Rule 60 motion. Respondent gave notice of appeal from the trial court's 11 June 1996 order terminating her parental rights and 28 November 1996 order denying her Rule 60 motion.

*Harrison & Poore, PA, by Hal G. Harrison, for petitioner appellee.*

*Brian A. Buchanan for respondent appellant.*

SMITH, Judge.

**[1]** We note at the outset that respondent has not assigned error to the 11 June 1996 order terminating her parental rights. Furthermore, respondent's notice of appeal with regard to that order was not timely because a motion made pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 does not toll the time for filing notice of appeal from the underlying judgment. *See* N.C.R. App. P. 3(c); *Parrish v. Cole*, 38 N.C. App. 691, 248 S.E.2d 878 (1978). Insofar as respondent gave notice of appeal from the 11 June 1996 order, the appeal must be dismissed.

**[2]** Respondent's only argument presented on appeal is that the trial court abused its discretion by denying her motion for a new trial. She contends the trial court should have granted the requested relief because she showed excusable neglect for her failure to appear at the termination hearing and because her pleadings established a meritorious defense to the petition. We disagree.

"To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 424, 349 S.E.2d 552, 554 (1986). A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion, *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975). What constitutes excusable neglect is a question of law which is fully reviewable on appeal. *In re Hall*, 89 N.C. App. 685, 366 S.E.2d 882, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 277 (1988) "However, the trial court's decision is final if there is competent evidence to support its findings and those findings support its conclusion." *Id. at* 687, 366 S.E.2d at 884. "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." *McInnis*, 318 N.C. at 425, 349 S.E.2d at 555.

The record in this case shows that respondent is disabled, that she does not have a driver's license, depends upon her husband and others for transportation, and does not have a telephone. However, the record also shows she did not ask her husband to take her to court until the morning of the hearing and her in-laws, who have a telephone, lived nearby.

We believe the evidence in the record supports the trial court's conclusion that respondent's failure to ·appear did not amount to

excusable neglect. A party paying proper attention to her case would have made transportation arrangements prior to the day the case was scheduled for hearing or would have contacted her attorney when she discovered no transportation was available. Furthermore, nothing in the record shows respondent was lulled into missing the court date by any assurances of her husband. *Cf. McInnis*, 318 N.C. 421, 349 S.E.2d 552 (holding that the defendant's failure to respond to a complaint was due to excusable neglect where she reasonably relied upon her husband's assurances the matter had been taken care of). The trial court did not err by concluding that respondent's actions did not amount to excusable neglect.

Absent a showing of excusable neglect, any meritorious defense pled by the movant becomes immaterial. *Hall*, 89 N.C. App. 685, 366 S.E.2d 882. Therefore, we need not address respondent's remaining argument that the pleadings revealed she had a meritorious defense.

The order of the trial court denying respondent's Rule 60(b) motion is affirmed. Respondent's purported appeal from the order terminating her parental rights is dismissed.

Affirmed in part; appeal dismissed in part.

Judge WYNN dissents.

Judge JOHN concurs.

Judge WYNN dissenting:

I believe that the trial court abused its discretion in not granting the Rule 60 relief sought by Ms. Carpenter.

First, the record indicates that grounds for excusable neglect existed in this case. It is undisputed that Ms. Carpenter suffers from a genetic disease known as Myotonic Dystrophy (a disease similar to Muscular Dystrophy) which leaves her physically disabled. She therefore has been unemployable and is unable to drive. Moreover, she lives in a basement apartment without a telephone. Also, her child, Brittany, the subject of this termination proceeding, suffers from the same disease having apparently inherited the trait from her mother. Brittany receives SSI benefits which are paid directly to DSS.

On at least two occasions prior to the termination hearing on 4 June 1996, Ms. Carpenter appeared in district court for hearings

scheduled on the petition to terminate her parental rights. On each occasion, the matters were continued at the behest of the trial judges who recused themselves because of personal conflicts with the case. Apparently, on each of these two occasions, she relied on her husband to get her to the hearings and was able to attend without incidence.

Like the first two hearings, Ms. Carpenter relied on her husband to transport her on 4 June 1996 to the third scheduled hearing on the petition to terminate her parental rights. Undisputedly, she asked him to take her to district court on that date as she had on the two prior occasions. He refused. With no means of transportation, no telephone and no evidence that her in-laws who lived near her were available or willing to take her to court, she, although desiring to be present at the hearing to terminate her relationship with her daughter, could not attend. This, I believe, is sufficient evidence to show that this disabled mother showed that her absence was due to excusable neglect.

Second, Ms. Carpenter showed that she had a meritorious defense to the petition. In her affidavit, she points out that the plans for reunification by DSS were inadequate to promote reunification with her daughter. The record shows that the plan called for her husband to transport her to visit with the child at a child care center during his lunch break. While some visits were made, the trial court found that the efforts were inadequate. Apparently, like the 4 June 1996 hearing, the husband did not provide transportation to all or most of the visits. It is significant to note that DSS, although fully aware of her debilitating condition and transportation difficulties, made no effort to arrange in-home visits with the child.

In sum, I conclude that Ms. Carpenter showed that her absence at the 4 June 1996 hearing was due to excusable neglect and that there was evidence that she had a meritorious defense to the petition. I believe the trial court should have granted the continuance at the third hearing to allow Ms. Carpenter an additional opportunity to be present. I, therefore, dissent.