DORA TRIVETTE, Plaintiff v. RICK TRIVETTE, Defendant

No. COA03-175

(Filed 6 January 2004)

**1. Child Support, Custody, and Visitation— motion to modify custody—notice of hearing**

Defendant father was given sufficient notice of a hearing on a motion to modify child custody where defendant had actual notice that a motion to modify custody was set to be heard on a certain date but was continued to some date in the future to accommodate his need to find new counsel, and defendant had actual notice of the scheduled court date prior to leaving on a planned vacation but chose to proceed with the trip rather than attend the hearing.

**2. Contempt— civil—hearing—sufficiency of notice**

Defendant was given sufficient notice of a contempt proceeding where he was served on 10 May for a 6 June hearing. N.C.G.S. § 5A-23(a1) (2003) provides that there is adequate notice of a contempt proceeding if the aggrieved party serves notice at least 5 days in advance of the hearing.

**3. Contempt— civil—child custody and support—burden of proof**

An adjudication of contempt in a child custody and support action was vacated where the trial court found that defendant was per se in willful contempt because he did not show cause as to why his failure to pay child support was not willful. Under N.C.G.S. § 5A-23(a1), the burden is on the aggrieved party.

**4. Child Support, Custody, and Visitation— custody—change of circumstances—father's behavior**

There was a substantial change of circumstances supporting a change in child custody where defendant had visited his children for only brief periods rather than the periods provided in a mediated consent judgment; defendant had interfered with the children's counseling; and defendant had become angry and enraged when communicating with the plaintiff even when the children were present.

**5. Civil Procedure— new trial denied—not appearing at custody hearing**

The trial court did not err by denying a motion for a new trial or to set aside a judgment where defendant learned the new date of a continued child custody hearing shortly before he was to leave on a trip and did not appear at the hearing.

**6. Trials— continuance—withdrawal of attorney**

The withdrawal of defendant's attorney is not ipso facto grounds for a continuance where defendant had 2 months notice of the withdrawal.

Appeal by defendant from judgments entered 16 August 2001 and 8 August 2002 by Judge Bruce Briggs in Avery County District Court. Heard in the Court of Appeals 17 November 2003.

*Gail P. Fannon, for plaintiff-appellee.*

*Mary Elizabeth Arrowood, for defendant-appellant.*

MARTIN, Judge.

Plaintiff and defendant were married on 2 September 1990, and they separated on 19 June 2000. Three minor children were born of the marriage; Christopher, age 12, Megan, age 8, and Brianna, age 3. On 31 January 2001, a mediated consent judgment was entered by the court addressing issues of custody, child support, and equitable distribution. The consent judgment granted plaintiff primary physical custody of the children and defendant visitation rights. The visitation was ordered to be carried out in the presence of defendant's mother and outside the presence of defendant's girlfriend, Elizabeth Mitchell. Defendant was ordered to pay $500 per month in child support, and the parties agreed to share the cost of medical/dental insurance, private school, and college for the minor

children. The parties also agreed that farm property deeded to the parties' eldest child, Christopher, by the child's paternal grandfather, would be held in trust, with proceeds from the farm being managed by plaintiff as trustee and the farm itself being managed by the defendant as trustee.

On 10 May 2001, plaintiff filed a motion seeking, *inter alia*, sole custody of the minor children, payment of past due child support, and a finding that defendant was in wilful contempt for his failure to perform his obligations pursuant to the mediated consent judgment. Defendant's attorney, Susan Haire, was served by mail with the motion and a notice setting the matter for hearing on 6 June 2001. On 14 May 2001, Ms. Haire filed a motion to withdraw as attorney for defendant, and a motion for continuance in order for defendant to obtain new counsel. Neither defendant nor Ms. Haire was present at the 6 June 2001 court date, but defendant's motion for continuance was granted in open court, and a new hearing date was set for 23 July 2001. Defendant learned from Ms. Haire that the matter had been continued, but asserts that he did not know the actual date of the next court hearing.

On 20 July 2001, a Friday, the defendant learned from his mother that the matter had been scheduled for hearing on the following Monday. Defendant was scheduled to leave for a vacation in Hawaii that day and attempted twice during his trip to call the courthouse to have the matter continued. On Monday, 23 July 2001, defendant's mother telephoned the court to inform them that her son was in Hawaii and could not attend the hearing.

In the absence of defendant or his attorney, the court allowed Ms. Haire's motion to withdraw as defendant's counsel and proceeded with plaintiff's motion. The court entered judgment on 16 August 2001, finding a substantial change in circumstances affecting the minor children sufficient to warrant an award of sole custody to plaintiff, holding defendant in wilful contempt of court for failure to pay his child support obligations, and finding that defendant had breached his fiduciary duty to manage the farm property for the benefit of his minor child. Defendant was ordered to pay past due child support or risk incarceration, and was replaced by plaintiff as trustee-manager of his son's farm property.

On 28 September 2001, defendant filed a motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure or in the alternative, for the 16 August 2001 judgment to

be set aside pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. On 8 August 2002, the court denied defendant's motions. Defendant appeals.

I.

**[1]** Defendant first argues the court erred in entering its 16 August 2001 judgment because defendant was not given sufficient notice of the hearing supporting the judgment as required by G.S. § 50-13.5(d)(1) and G.S. § 50A-205(a). After careful review, we disagree.

N.C. Gen. Stat. § 50-13.5(d)(1) (2003) provides:

> Service of process in civil actions for the custody of minor children shall be as in other civil actions. . . . Motions for custody of a minor child in a pending action may be made on 10 days notice to the other parties and after compliance with G.S. 50A-205.

G.S. § 50A-205 provides that notice and an opportunity to be heard must be provided to all interested parties before a child custody determination can be made. N.C. Gen. Stat. § 50A-205(a) (2003).

In this case, the defendant's attorney was timely served on 10 May 2001 with a copy of the motion seeking a modification of child custody and notice of hearing for 6 June 2001. *See* N.C. Gen. Stat. § 1A-1, Rule 5(b) (2003) (papers may be served upon either the party or the party's attorney of record). On 6 June 2001, the hearing was continued in open court to 23 July 2001. Neither the defendant nor his attorney was present in court and neither received written notice informing them of the new hearing date.

Defendant does not challenge service of the motion seeking a modification in custody or notice of the 6 June 2001 hearing. Defendant argues that he should have been served with written notice that the 6 June 2001 hearing had been continued until 23 July 2001. Whether a party has adequate notice is a question of law. *Barnett v. King*, 134 N.C. App. 348, 350, 517 S.E.2d 397, 399 (1999).

"N.C. Gen. Stat. § 50-13.5(d)(1) is designed to give the parties to a custody action adequate notice in order to insure a fair hearing." *Clayton v. Clayton*, 54 N.C. App. 612, 614, 284 S.E.2d 125, 127 (1981). Adequate notice is defined as "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the

action and afford them an opportunity to present their objections." *Randleman v. Hinshaw*, 267 N.C. 136, 140, 147 S.E.2d 902, 905 (1966) (internal quotations omitted).

It is generally held that parties have constructive notice of all orders and motions made during a regularly scheduled court date. *Wood v. Wood*, 297 N.C. 1, 6, 252 S.E.2d 799, 802 (1979). For example, in *Danielson v. Cummings*, this Court held that no written notice of dismissal was required to effectuate adequate notice to the opposing party where the dismissal was announced in open court. 43 N.C. App. 546, 547, 259 S.E.2d 332, 333 (1979), *judgment aff'd*, 300 N.C. 175, 265 S.E.2d 161 (1980). However, we have held that this rule can bend when necessary to "embrace common sense and fundamental fairness." *Hagins v. Redevelopment Comm'n of Greensboro*, 275 N.C. 90, 98, 165 S.E.2d 490, 495 (1969).

There is no need to bend the general rule in this case because the defendant admits that he was on actual notice that a motion to modify custody was set to be heard on 6 June 2001, but was continued to some date in the future in order to accommodate his need to find new counsel. Thus, defendant had a duty to either attend the 6 June 2001 hearing or affirmatively inquire as to the date on which the new hearing was scheduled. *See Collins v. North Carolina State Highway & Public Works Comm'n*, 237 N.C. 277, 282, 74 S.E.2d 709, 714 (1953) (parties have a duty to attend either personally or through their attorneys all regularly scheduled court dates). In addition, defendant had actual notice of the scheduled court date prior to leaving for his planned vacation, but chose to proceed with the trip rather than attend the hearing. He made no attempt to employ counsel to request a continuance of the hearing, even though he had been afforded a substantial period of time within which to procure new counsel. Therefore, we hold defendant was given adequate notice of hearing and an opportunity to be heard in this case as required by G.S. § 50-13.5(d)(1) and G.S. § 50A-205(a).

[2] Defendant next argues that he was not given sufficient notice that he could be held in contempt of court pursuant to G.S. § 5A-23 for wilful failure to pay his child support. N.C. Gen. Stat. 5A-23(a1) (2003) provides that a party is given adequate notice of a contempt proceeding by an aggrieved party if the aggrieved party serves a motion to show cause and a notice of hearing at least five days in advance of the hearing. Defendant was timely served on 10 May 2001 with both a motion to show cause and a notice of hearing for 6 June

2001. We hold that such service was adequate notice of the contempt proceeding in this case.

## II.

**[3]** Defendant next asserts the trial court erroneously adjudicated him to be in civil contempt. "The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997). Because the trial court erroneously placed the burden upon defendant, its findings do not support its conclusion of contempt.

Effective 1 December 1999, the legislature amended G.S. § 5A-23 by adding subsection (a1). N.C. Gen. Stat. § 5A-23(a1) (1999). Subsection (a1) provides as follows:

> Proceedings for civil contempt may be initiated by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt. A copy of the motion and notice must be served on the alleged contemnor at least five days in advance of the hearing unless good cause is shown. The motion must include a sworn statement or affidavit by the aggrieved party setting forth the reasons why the alleged contemnor should be held in civil contempt. *The burden of proof in a hearing pursuant to this subsection shall be on the aggrieved party.*

N.C. Gen. Stat. § 5A-23(a1) (2003) (emphasis added). In addition to permitting a contempt proceeding to be initiated by order or notice of a judicial official issued upon a finding of probable cause, the statute as amended also allows a contempt proceeding to be initiated upon motion and notice by an alleged aggrieved party without a judicial finding of probable cause. N.C. Gen. Stat. § 5A-23(a) (2003).

The contempt proceeding in this case was initiated by a motion and notice of hearing filed by plaintiff, the alleged aggrieved party, rather than an order or notice issued by a judicial official. Thus, there is no basis to shift the burden of proof to the alleged contemnor in this case. *See Plott v. Plott*, 74 N.C. App. 82, 85, 327 S.E.2d 273, 275 (1985) (if a judicial official enters an order to show cause or a notice of contempt, the burden shifts to the alleged contemnor to prove that he or she was not in wilful contempt of the court's prior order).

Pursuant to the provisions of G.S. § 5A-23(a1), the burden is on the alleged aggrieved party to show wilful contempt. However, in its order, the trial court found that because defendant did not show cause as to why his failure to pay his child support obligations was not wilful, the defendant was *per se* wilfully in contempt of the mediated consent order. Because the trial court erroneously placed the burden on defendant to prove a lack of wilful contempt, the trial court's finding of fact does not support its conclusion of law. Thus, we must vacate the defendant's adjudication of wilful civil contempt.

## III.

**[4]** Next, defendant argues the trial court erred when it found a substantial change in circumstances affecting the welfare of the minor children sufficient to justify a change of custody. When determining whether the trial court erred in modifying an existing child custody order, this Court must determine whether there was substantial evidence to support the trial court's findings of fact, and whether its conclusions of law are properly supported by such facts. *Shipman v. Shipman*, 357 N.C. 471, 474-75, 586 S.E.2d 250, 253-54 (2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 474, 586 S.E.2d at 253 (internal quotation omitted).

Evidence in the record supports the trial court's findings that defendant had visited his children only for brief periods rather than those visitations provided for in the mediated consent judgment; that he had interfered with the children's counseling, even to the extent of canceling a session when the children were not scheduled to be with him; and that he became angry and enraged when communicating with the plaintiff even when the children were present. Though defendant argues that only a four month period had elapsed from the initial custody order until plaintiff's motion, and that plaintiff had not presented any testimony by a professional suggesting that the children were in need of counseling at the time he canceled their counseling session, the trial court's findings support its conclusion that a substantial change of circumstances affecting the welfare of the minor children had occurred. Defendant's assignment of error to the contrary is overruled.

## IV.

**[5]** Finally, defendant argues the trial court erred when it denied his motion for a new trial pursuant to G.S. § 1A-1, Rule 59; or in the alter-

native, to set aside its 16 August 2001 judgment pursuant to G.S. § 1A-1, Rule 60. We disagree.

A motion for a new trial pursuant to G.S. § 1A-1, Rule 59 must be served not later than ten days after entry of the judgment. N.C. Gen. Stat. § 1A-1, Rule 59(b) (2003). In this case, the judgment was entered on 16 August 2001; the motion for a new trial was served on 26 September 2001 and filed on 28 September 2001. Since defendant's Rule 59 motion was untimely, the trial court properly denied it.

Rule 60 permits a judgment to be set aside upon grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the operation of the judgment. N.C. Gen. Stat. § 1A-1, Rule 60(b) (2003). Defendant contends that his lack of notice that the hearing had been continued to 23 July 2001, his attorney's withdrawal on the day of the hearing, and the fact that neither he nor any representative was present at the 23 July 2001 hearing constitute sufficient grounds to grant relief pursuant to this rule.

Defendant does not specify the basis of his motion for relief under Rule 60, however, his arguments can only be viable under the justification of excusable neglect, Rule 60(b)(1), or grounds set forth pursuant to Rule 60(b)(6). A trial court's determination to either grant or deny a Rule 60(b) motion will not be disturbed absent a showing of abuse of discretion. *Danna v. Danna*, 88 N.C. App. 680, 686, 364 S.E.2d 694, 698, *disc. review denied*, 322 N.C. 479, 370 S.E.2d 221 (1988). After careful review, we discover no abuse of the trial court's discretion in its denial of defendant's Rule 60 motion to set aside the 16 August 2001 judgment.

The grounds for excusable neglect are established as a matter of law. *Mitchell County Dep't of Soc. Servs. v. Carpenter*, 127 N.C. App. 353, 356, 489 S.E.2d 437, 439 (1997), *aff'd*, 347 N.C. 569, 494 S.E.2d 763 (1998). "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." *Higgins v. Michael Powell Builders*, 132 N.C. App. 720, 726, 515 S.E.2d 17, 21 (1999). The record shows that defendant had notice of the motion to modify custody and find defendant in civil contempt, was aware that the motion was set for hearing on 6 June 2001, and was aware the hearing had been continued on 6 June 2001 until some date in the future. On 20 July 2001, defendant was put on actual notice that

the hearing was scheduled for 23 July 2001. Furthermore, defendant was aware for at least two months that his attorney intended to withdraw and that he needed to obtain new counsel. As previously discussed, defendant had an affirmative duty to inquire as to the date to which his hearing had been continued, and thus, may not now assert that his negligence in failing to do so constituted excusable neglect. *See In re Hall*, 89 N.C. App. 685, 688, 366 S.E.2d 882, 885, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 277 (1988) ("A party may not show excusable neglect by merely establishing that she failed to obtain an attorney and was ignorant of the judicial process."); *see also Jones v. Statesville Ice & Fuel Co.*, 259 N.C. 206, 209, 130 S.E.2d 324, 326 (1963) ("(p)arties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable") (internal quotation omitted).

The grounds for setting aside judgment pursuant to Rule 60(b)(6) are equitable in nature. *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 587 (1987). What constitutes cause to set aside judgment pursuant to Rule 60(b)(6) is determined by whether (1) extraordinary circumstances exist; and (2) whether the action is necessary to accomplish justice. *Id.*, 361 S.E.2d at 588. No grounds for excusable neglect or setting aside the judgment pursuant to Rule 60(b)(6) were established in this case. Defendant's telephone calls requesting a continuance three days before the scheduled hearing were not sufficient to excuse his failure to attend the hearing or mandate a setting aside of the judgment pursuant to Rule 60(b)(6). Rule 40(b) of the North Carolina Rules of Civil Procedure provides:

> No continuance shall be granted except upon application to the court. A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require.

N.C. Gen. Stat. § 1A-1, Rule 40(b) (2003). A telephone call, absent extenuating circumstances, does not qualify as application to the court. Defendant's planned vacation to Hawaii does not constitute extenuating circumstances in this case since he had adequate time beforehand to personally apply to the court for a continuance based on his vacation plans. Furthermore, defendant's failure to pay proper attention to his case does not constitute good cause to grant a continuance.

[6] Finally, the trial court's failure to grant a continuance due to the withdrawal of defendant's attorney on the day of the hearing does not

mandate a setting aside of the judgment pursuant to Rule 60(b)(6). "[A]n attorney's withdrawal on the eve of the trial of a civil case is not *ipso facto* grounds for a continuance." *Shankle v. Shankle*, 289 N.C. 473, 484, 223 S.E.2d 380, 387 (1976). In such a situation, the trial court must examine the circumstances of the case and determine "whether immediate trial or continuance will best serve the ends of justice." *Id.* at 485, 223 S.E.2d at 387. In this case, defendant had over two months notice of his attorney's intent to withdraw, and as such, the trial court did not abuse its discretion when it decided not to grant a continuance in the matter. *Lamb v. Groce*, 95 N.C. App. 220, 222, 382 S.E.2d 234, 236 (1989) (where party had two weeks notice of attorney's intent to withdraw, trial court did not abuse its discretion in denying a continuance of the matter). In conclusion, we find no excusable neglect nor any cause to set aside the judgment pursuant to Rule 60(b)(6), and thus, no abuse of discretion by the trial court in denying defendant's Rule 60 motion.

Affirmed in part, vacated in part.

Chief Judge EAGLES and Judge LEVINSON concur.