BARRY LEWIS OSBORNE, Plaintiff v. LYNNE LINETT OSBORNE, Defendant

No. COA97-299

(Filed 17 March 1998)

1. **Divorce and Separation § 460 (NCI4th)— child custody and support—less than ten days notice of hearing—not prejudicial**

There was no prejudicial error in the trial court's denial of plaintiff's motion for a new hearing on his divorce, child support and custody matters where the hearing had been continued several times and plaintiff contended that he was not properly notified of a hearing at which some of the final issues were raised. Ten days notice was required by N.C.G.S. § 50-13.5(d)(1) because defendant requested both child custody and child support and presented arguments in support of her request. Although defendant did not give notice nor is there any evidence that plaintiff had actual notice, plaintiff was represented by counsel during the entire hearing, almost a full year had passed since the issues of child support and custody were first scheduled for hearing, and plaintiff made no showing of evidence or witnesses he would have presented had he been duly notified.

2. **Divorce and Alimony § 401 (NCI4th)— child support— determination of parent's income—early retirement by choice**

The trial court did not abuse its discretion by basing an award of child support on plaintiff's potential rather than actual income where plaintiff retired at age 51 with a three-year-old daughter to support, taking early retirement and remaining unemployed was his choice, and the personnel supervisor of his former employer testified that plaintiff remained eligible to work and could earn at least $20,000 annually without decreasing his retirement benefits.

3. **Divorce and Separation § 392.1 (NCI4th)— child support guidelines—other minor child in house—remanded for findings**

A child support order was remanded for findings on whether plaintiff is entitled to a deduction for support of another minor child, and of the amount, where plaintiff testified that he had a seventeen-year-old residing with him but presented no evidence as to whether this seventeen-year-old was supported by anyone

other than himself. The income of any other responsible parent may be presumed to be zero; on remand, the district court must determine whether plaintiff's seventeen-year-old was residing with him at the time of the hearing and when the seventeen-year-old turned eighteen, and then recalculate the child support obligation for the time the seventeen-year-old was still a minor and residing with plaintiff.

**4. Divorce and Alimony § 551 (NCI4th)— divorce, child custody and child support—attorney fees—award proper**

The trial court did not abuse its discretion by ordering plaintiff to pay half of defendant's attorney fees in a domestic action where the court found that defendant acted in good faith in the proceedings, could not defray the expenses of the suit without impoverishing herself, and that plaintiff had not furnished adequate support for several months during the litigation. There is no requirement that the parties' relative estates be compared before attorney fees are awarded.

Appeal by plaintiff from order entered 18 October 1996 by Judge Margaret L. Sharpe in Forsyth County District Court. Heard in the Court of Appeals 29 October 1997.

*Morrow, Alexander, Tash & Long, by C.R. "Skip" Long, Jr., and James Barrett Wilson, Jr., for plaintiff-appellant.*

*Rabil & Rabil, by S. Mark Rabil, for defendant-appellee.*

LEWIS, Judge.

Plaintiff and defendant were married in September 1989. Defendant gave birth to the only child of the marriage in April 1990. On 17 February 1995, plaintiff filed a complaint seeking divorce from bed and board, alimony, equitable distribution, child custody, child support, and attorney fees. Plaintiff also moved that defendant be ordered to submit to a psychological evaluation. Defendant answered and moved that both parties and their minor child be ordered to undergo psychological evaluations.

Plaintiff sent defendant a "Notice of Hearings" stating that on 13 April 1995, he would move for child custody and child support, exclusive possession of the marital homeplace, alimony pendente lite, and attorney fees. Plaintiff's Notice to defendant continued, "YOU WILL HEREBY TAKE NOTICE that, unless the said hearings are com-

OSBORNE v. OSBORNE

[129 N.C. App. 34 (1998)]

menced and concluded on the said dates and times, the same will be continued from time to time upon Order of a Presiding Judge without further notice until the same are heard and concluded."

An order filed 4 April 1995 awarded defendant temporary custody of the child and set forth plaintiff's visitation rights.

The hearing scheduled for 13 April 1995 was continued to 19 June 1995. The 19 June hearing was rescheduled for 31 August 1995 at plaintiff's request. On 31 August, plaintiff again moved to continue the hearing. The district court reset the hearing for 5 December 1995 and ordered each party to undergo psychological evaluations. On 13 November 1995 plaintiff was held in contempt and ordered imprisoned for not meeting his interim child support obligations.

The hearing scheduled for 5 December 1995 did not take place because plaintiff had not completed his psychological evaluations as ordered. The hearing was continued to 8 February 1996, but on that day the parties' child had chicken pox and the hearing never occurred. According to plaintiff's affidavit, it was agreed that defendant's attorney would secure a new hearing date and notify plaintiff's attorney.

On 28 February 1996, the district court signed an "Order of Continuance," nunc pro tunc 8 February 1996, continuing the hearing to 11 April 1996 at 2:00 p.m. This order was not filed until 15 May 1996. Plaintiff's sworn statement is that his attorney first learned of the 11 April hearing on 10 April 1996, at 3:30 p.m., when counsel for defendant mentioned it in a telephone conversation.

At the 11 April 1996 hearing plaintiff's attorney moved for a continuance on the ground that he had not received proper notice. This motion was denied. The district court found that plaintiff had been notified of the hearing on 28 February 1996, when (1) the hearing date was posted with the secretary for the District Court Judges on the chamber's hearing calendar; and (2) defendant's attorney "placed a copy of [the] order of continuance in the mail box (located in the Clerk's office)" of plaintiff's attorney. The "mail box" mentioned here refers to one of a series of open boxes located in the Forsyth County Clerk's Office, each of which is reserved for a different attorney. The boxes are used to receive information from the clerk's office and from other attorneys. They are not official depositories for the United States Postal Service.

Plaintiff's attorney was present during the entire hearing on 11 April 1996. Plaintiff arrived at 4:25 p.m. and was present for the last thirty minutes of the hearing.

On 23 August 1996, before the district court had made a final disposition of the matters raised at the 11 April 1996 hearing, plaintiff moved for a new trial on the ground that he received insufficient notice of the 11 April hearing. This motion was heard and denied on 5 September 1996. Sometime before 18 September 1996, the district court judge made it known that she intended to award custody of the child to defendant. Another hearing was held on 18 September 1996 to determine the amount of child support. Plaintiff received full notice of and testified at this hearing. By order dated 18 October 1996, the district court awarded defendant custody of the child and ordered plaintiff to pay child support. Plaintiff appeals.

Plaintiff has abandoned assignments of error 3 and 4 by failing to argue them in his brief. N.C.R. App. P. 10 and 28.

**[1]** We first address whether plaintiff was properly notified of the 28 February 1996 "Order of Continuance," which continued the hearing on custody and child support to 11 April 1996. Statute provides, "The procedure in actions for custody and support of minor children shall be as in civil actions, except as provided in this section and in G.S. 50-19." N.C. Gen. Stat. § 50-13.5(a) (1995). It is further provided,

> Motions for support of a minor child in a pending action may be made on 10 days notice to the other parties and compliance with G.S. 50-13.5(e). Motions for custody of a minor child in a pending action may be made on 10 days notice to the other parties and after compliance with G.S. 50A-4.

N.C. Gen. Stat. § 50-13.5(d)(1). In this case, defendant requested both child custody and child support at the 11 April hearing and presented argument in support of her request. Therefore, she was required to give plaintiff ten days' notice of the 11 April hearing.

Rules 4 and 5 of the Rules of Civil Procedure govern the service of process in civil actions.

> [E]very written notice, appearance, demand, offer of judgment and similar paper *shall* be served upon each of the parties . . . .

N.C.R. Civ. P. 5(a) (emphasis added).

OSBORNE v. OSBORNE

[129 N.C. App. 34 (1998)]

With respect to all pleadings subsequent to the original complaint and other papers required . . . to be served, *service with due return may be made in the manner provided for service and return of process in Rule 4* and may be made upon either the party or . . . upon his attorney of record. With respect to such other pleadings and papers, service upon the attorney or upon a party may also be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by filing it with the clerk of court. Delivery of a copy within this rule means handing it to the attorney or to the party; or leaving it at the attorney's office with a partner or employee. Service by mail shall be complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

N.C.R. Civ. P. 5(b) (emphasis added). Rule 4 lists three ways in which process may be served on a "natural person":

a. By delivering a copy . . . to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or

b. By delivering a copy . . . to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy . . . registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C.R. Civ. P. 4(j).

Defendant did not give plaintiff notice of the 11 April hearing by any means prescribed by Rules 4 and 5. Nor is there any evidence that plaintiff had actual notice of the hearing ten days before it occurred. Therefore, plaintiff was not notified of the hearing as required by G.S. 50-13.5.

Plaintiff argues that because he was not properly notified of the 11 April 1996 hearing, the district court erred in denying his motion for continuance. Because plaintiff's motion was based on his right to notice and a hearing under the Due Process Clause, the trial court's denial of that motion is fully reviewable on appeal. *See State v. Jones,* 342 N.C. 523, 530-31, 467 S.E.2d 12, 17 (1996).

OSBORNE v. OSBORNE

[129 N.C. App. 34 (1998)]

Plaintiff was represented by counsel during the entire hearing on 11 April 1996. Almost a full year had passed since the issues of child support and custody were first scheduled for hearing. Plaintiff has made no showing in the record of what evidence or witnesses he would have presented had he been duly notified of the hearing. We hold that even though plaintiff was not properly notified, the trial court's denial of his motion to continue was not error because plaintiff has not shown that he was materially prejudiced by the denial. *See State v. Covington*, 317 N.C. 127, 130, 343 S.E.2d 524, 526 (1986). For the reasons stated above, we also find no error in the trial court's denial of plaintiff's motion for a new hearing.

[2] Plaintiff next argues that the district court erred when it based its award of child support on plaintiff's potential income rather than his actual income. We disagree.

The district court's extensive findings on this issue are summarized as follows. Plaintiff worked in the engineering department of the City of Winston-Salem from 1968 to 1993. When plaintiff retired in 1993, he was 51 years old and earning $15.76 per hour as a survey party chief. The child of his marriage to defendant was three years old. At the time of the hearing in September 1996, plaintiff was unemployed and collecting retirement benefits from the Local Governmental Employees Retirement System of North Carolina (LGERS) in the gross monthly amount of $1,902.00.

The personnel supervisor for the City of Winston-Salem documented that plaintiff is eligible to return to work with the City and earn up to $20,000.00 per year without jeopardizing receipt of his full retirement benefits; that plaintiff could work for any unit of local government which participates in LGERS and earn up to $20,000.00 per year without jeopardizing receipt of his full retirement benefits; and that plaintiff could work for any governmental employer that does not participate in LGERS, such as the North Carolina Department of Transportation, or for any private employer, earn an unlimited amount of income, and yet receive his full retirement benefits.

At the time of the hearing in September 1996, plaintiff was an able-bodied 54-year-old who suffered from no health problems. His only income was retirement income. Plaintiff testified that although he completed 2½ years of study at Forsyth Community College and received a degree in electronics, he never applied for a job in the electronics field. He also testified that one of his hobbies is computers and that he recently applied for a job as a computer technician.

On these findings, the district court judge concluded that plaintiff was voluntarily unemployed and was deliberately depressing his income by refusing to seek employment to support his six-year-old daughter. The district court found that plaintiff has the ability to earn $15.76 per hour, his income at the time of his retirement, and that plaintiff has the ability to earn $2,710.00 per month. The court then determined the amount of child support based on plaintiff's potential income.

Because the district court's findings on this issue are supported by competent evidence, they are conclusive on appeal. *Goodhouse v. DeFravio*, 57 N.C. App. 124, 126, 290 S.E.2d 751, 753 (1982). We further hold that the district court's use of potential income in setting the amount of child support was appropriate based on its findings.

Awards of child support must be determined by applying the North Carolina Child Support Guidelines ("Guidelines"). N.C. Gen. Stat. § 50-13.4 (Cum. Supp. 1997). The Guidelines state,

If a parent is voluntarily unemployed or underemployed, child support may be calculated based on a determination of potential income . . . .

Determination of potential income shall be made by determining employment potential and probable earnings level based on the parent's recent work history, occupational qualifications and prevailing job opportunities and earning levels in the community.

In this case, plaintiff retired at age 51 with a three-year-old daughter to support. It was his choice to take early retirement and it was his choice to remain unemployed despite his many skills. The personnel supervisor of his former employer, the City of Winston-Salem, testified that plaintiff remained eligible to work for the City and that he could earn at least $20,000.00 annually without decreasing the $22,000.00 he received each year in retirement benefits. On these facts, the trial court's choice to award child support based on plaintiff's potential income was well within its discretion, and we find no error.

[3] Plaintiff next argues that he was entitled to a deduction from gross income in calculating his child support obligation because he was supporting another minor child at the time the support determination was made. The district court made no findings or conclusions on this issue even though plaintiff asked for a deduction and supported his request with some evidence. We therefore remand for the

OSBORNE v. OSBORNE

[129 N.C. App. 34 (1998)]

district court to make findings on whether plaintiff is entitled to a deduction, and if so, in what amount.

At the September 1996 hearing, plaintiff testified that he then had a seventeen-year-old child residing with him. Plaintiff presented no evidence as to whether this seventeen-year-old was supported by anyone other than himself. The Child Support Guidelines provide,

> The amount of a party's financial responsibility . . . for his or her natural or adopted child(ren) currently residing in the household who are not involved in this action should be deducted from gross income. Use of this deduction is appropriate at the time of the establishment of a child support order . . . .

If plaintiff's seventeen-year-old child were residing with him, then plaintiff would be entitled to a deduction from his gross income until such time as his seventeen-year-old turned eighteen. N.C. Gen. Stat. §§ 50-13.4(b), 48A-2 (1984).

The Guidelines further provide,

> The deduction for a party's financial responsibility for other child(ren) is one-half of the basic child support obligation for the number of child(ren) who live with the party and for whom the party owes a duty of support (other than the child(ren) involved in the instant action). For purposes of this deduction, the basic child support obligation for the other child(ren) living with the party is based on the combined adjusted gross incomes of the party and the other responsible parent of such child(ren).

Plaintiff presented no evidence of the income of any "other responsible parent" of his seventeen-year-old, and so it may be presumed to be zero. On remand, the district court must determine whether, at the time of the 18 September 1996 hearing, plaintiff had a seventeen-year-old child of his residing with him. If not, then plaintiff is not entitled to a deduction.

If, however, the district court finds this to be true, it must take further evidence to determine when the seventeen-year-old turned eighteen. Based on these findings, and the presumption that the income of an "other responsible parent" of this seventeen-year-old was zero, the district court must recalculate plaintiff's child support obligation for the period during which plaintiff's seventeen-year-old was still a minor and residing with him.

**OSBORNE v. OSBORNE**

[129 N.C. App. 34 (1998)]

**[4]** Finally, plaintiff argues that the district court abused its discretion by ordering plaintiff to pay half of defendant's attorney fees. We disagree.

> In an action for the custody or support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding . . . .

N.C. Gen. Stat. § 50-13.6 (1995). In this case, the district court found that defendant acted in good faith in the proceedings and that defendant could not "defray the expenses of the lawsuit without impoverishing herself." The court also found that plaintiff had not furnished adequate support for several months during this litigation. These findings are sufficient to support the district court's award of attorney fees. Plaintiff argues that the parties' relative estates must be compared before attorney fees are awarded, but there is no such requirement. *See Taylor v. Taylor,* 343 N.C. 50, 57, 445 S.E.2d 33, 37 (1996).

In conclusion, we affirm the ruling of the district court on all issues but one. We remand the case to the district court for further findings on whether plaintiff is entitled to any decrease in his child support obligation in this case based on his support of another child.

Affirmed in part, reversed in part, and remanded for further proceedings.

Judges WALKER and TIMMONS-GOODSON concur.