IN THE MATTER OF: ALEXIS DEXTER, AARON DEXTER, DOMINIQUE DEXTER, ALICIA DEXTER, AARUN DEXTER

No. COA00-1435

(Filed 6 November 2001)

**1. Child Abuse and Neglect— neglect—change of custody—sufficiency of findings**

The trial court did not abuse its discretion by granting legal and physical custody of neglected children to their father where it was no longer in the children's best interests to stay with their mother in that she had refused to cooperate with DSS and did not make any effort to improve the situation, and placing the children with their father was a feasible option which would allow the children to be supervised by a parent with an extensive network of family members available to assist. Although the mother argued that the evidence was not sufficient to support the best interests conclusion, the facts found by the trial court are binding absent an abuse of discretion.

**2. Child Abuse and Neglect— findings—efforts of DSS unsuccessful—not required for neglect action**

The trial court did not err in a child neglect action by not making findings that the efforts of DSS to work with plaintiff were not successful or that conditions would not likely be corrected within twelve months as required by N.C.G.S. § 7B-1111(a)(2). That statute refers to termination of parental rights actions.

**3. Child Abuse and Neglect— custody removed from parent—review hearing—termination of jurisdiction within ninety days**

The trial court did not err in a child neglect action by terminating its jurisdiction without a review hearing. Under N.C.G.S. § 7B-906, review hearings must be conducted within ninety days of the dispositional hearing and within six months thereafter where custody is removed from a parent, but the court is relieved of the duty to conduct periodic reviews when custody is restored to a parent. Here, the father was given exclusive custody only from the date of the dispositional order to the termination of jurisdiction, and custody was restored to both parents by the order terminating jurisdiction prior to the ninety-day period.

Once jurisdiction was terminated, the trial court had no further duty or authority to conduct reviews. Moreover, the parties had a right to file motions for review prior to termination, which would have abrogated the automatic termination of jurisdiction, but neither did so.

Appeal by respondent from judgment entered 15 June 2000 by Judge Kenneth C. Titus in Durham County District Court. Heard in the Court of Appeals 6 June 2001.

*Tracy Hicks Barley & Assoc., by Tracy Hicks Barley for respondent-appellant.*

*Cathy L. Moore, Assistant Durham County Attorney, for petitioner-appellee.*

THOMAS, Judge.

Respondent, Delores Evans (Evans), appeals from a dispositional order that granted custody of her five children to their father and then terminated jurisdiction without holding a ninety-day review hearing.

The children had been adjudicated neglected at a hearing two weeks prior to disposition. Evans, the custodial parent during the time the neglect occurred, contends the trial court erred by: (1) abusing its discretion in granting custody to the father, respondent Aaron Dexter (Dexter); and (2) terminating jurisdiction without holding a ninety-day review hearing following disposition. For the reasons discussed herein, we affirm the trial court.

The facts are as follows: Evans and Dexter are the parents of five children: Alexis, born 3 January 1985; Aaron, born 25 October 1986; Dominique, born 8 June 1988; Alicia, born 21 November 1989; and Aarun, born 30 June 1991. While they were in Evans's custody during the late winter and spring of 2000, petitioner, the Durham County Department of Social Services (DSS), received complaints about their well-being.

On 24 February 2000, DSS received a report claiming that Aarun had a gun, the children were truant, and Alexis wanted to go back to school but Evans refused to attend a school conference. It was believed at the time of the report that Evans had "sporadic mood swings" and was a drug-abuser. On 25 February 2000, Evans signed a protection plan.

On 2 March 2000, however, it was reported that Aarun was arriving at school "filthy and smelling" and that he was being "ridiculed by his peers." He also had behavioral problems that were keeping him from concentrating in class. Kimberly D. Sauls (Sauls), a social worker with DSS, attempted to meet with Evans and have her agree to an addendum to the protection plan to address Aarun's needs. Sauls left phone messages and visited Evans's home, but was unable to contact her.

On 5 April 2000, DSS received information that Aarun was "at school crying and hanging on to the flag pole stating he did not want to go home." Sauls interviewed the children at school, but yet again was unable to contact Evans, despite several attempts.

On 17 April 2000, DSS filed a petition alleging that the five children were neglected. The adjudicatory hearing was held on 1 June 2000, with a stipulation by DSS, Evans, Dexter, and the guardian ad litem as to the findings of fact supporting the finding of neglect. They included that: (1) Evans had not attended to the children's basic needs, including hygiene and dirty clothing; (2) Aarun was ridiculed at school due to his poor hygiene; (3) all of the children except Dominique have behavioral problems in school; (4) the children's self-esteem has been affected by their conditions; (5) the children fail to attend school on a regular basis; (6) Evans did not take action to assure their attendance at school; (7) DSS has provided medical referrals, day care, social work counseling, and school counseling to prevent or eliminate the need for the children to be removed from Evans's home; (8) DSS was not requesting custody, but sought an order for Evans to address the needs of the children, including hygiene, school attendance and mental health evaluations; and (9) DSS has made and should continue to make reasonable efforts to prevent or eliminate the need for the children to live outside of Evans's home.

The trial court included the following conclusions of law: (a) the children were neglected children in that they did not receive proper care, supervision, or discipline from Evans, or did not receive proper medical care, or lived in an environment injurious to their welfare; (b) it was in the best interests of the children that they continue in the legal custody of Evans; (c) DSS has made and should continue to make reasonable efforts to prevent or eliminate the need for the children to live outside of Evans's home.

The children continued in the custody of Evans pending the dispositional hearing, which was held on 15 June 2000. At disposition, the trial court made the following findings of fact: (1) Dexter appeared and presented a plan of care for the children in which they would live with him in his Ohio home; (2) Dexter would have support of his extensive family in Ohio; (3) Dexter made arrangements for medical care and expressed an understanding of and commitment to addressing the children's behavioral problems; (4) DSS had provided medical referrals, day care, social work counseling and school counseling in an effort to prevent or eliminate the need for the children to be removed from the home; (5) the DSS court summary and guardian ad litem reports were admitted and incorporated into the order; and (6) DSS made reasonable efforts to prevent or eliminate the need for the children to live outside the home.

The trial court concluded that the children were neglected juveniles and it was in their best interests to be placed in the legal and physical custody of Dexter. The trial court further concluded that it was in the children's best interests for: (a) Evans to assist the father and children in their packing; (b) Dexter to assure that the children attend school every day and for him to attend to their hygiene; (c) the children to receive mental health evaluations and any recommended treatment; and (d) DSS to assist Dexter in paying for the children's bus transportation and to assist the children in the gathering of their clothing and belongings. The trial court's order also contained the following paragraph:

> 5. This matter shall be retained in the Court's jurisdiction until Monday, June 26, 2000, in order to assist the father and children with transportation and transition to Ohio. The Court's jurisdiction will automatically terminate on June 26, 2000, without further orders of the Court, unless a motion is filed by any of the parties. The parties and counsel are relieved of further duties in this matter effective June 26, 2000.

[1] By Evans's first assignment of error, she argues the trial court abused its discretion by granting legal and physical custody of the children to Dexter. We disagree.

The North Carolina Juvenile Code provides:

> The purpose of dispositions in juvenile actions is to design an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction. If possible,

the initial approach should involve working with the juvenile and the juvenile's family in their own home so that the appropriate community resources may be involved in care, supervision, and treatment according to the needs of the juvenile. Thus, the court should arrange for appropriate community-level services to be provided to the juvenile and the juvenile's family in order to strengthen the home situation.

N.C. Gen. Stat. § 7B-900 (1999). In the case at bar, it was no longer in the children's best interests for them to remain in the home of Evans. A protection plan had been in place since 25 February 2000, but Evans refused to speak with Sauls or cooperate with DSS. Sauls repeatedly attempted to contact Evans and the children at their home, but Evans shunned visits with Sauls, did not even appear at the dispositional hearing and, overall, did not make any effort to improve the situation that led first to the initial protection plan and then to the adjudication of neglect.

Conversely, placing the children with Dexter was a feasible option which would allow the children to be supervised by a parent and to have an extensive network of family members available to assist. At a dispositional hearing, the trial court must consider the child's best interests. *In re Shue*, 63 N.C. App. 76, 303 S.E.2d 636 (1983), *modified*, 311 N.C. 586, 319 S.E.2d 567 (1984).

Evans argues, nevertheless, that the evidence presented at disposition was not sufficient to support the best interests conclusion. She cites evidence that: (1) Dexter did not have independent housing; (2) he was HIV positive with hepatitis; (3) he had disability income of $460 per month; (4) he received only $60 per month in food subsidies; (5) he could not take HIV medicine because of the hepatitis; (6) he had not had contact with the children since 1997; and (7) he had to rely on DSS to provide financial assistance to transport the children to Ohio. We note there is no burden of proof at disposition. The court solely considers the best interests of the child. *See* N.C. Gen. Stat. § 7B-1110 (1999); *In re McMillon*, 143 N.C. App. 402, 546 S.E.2d 169 (2001). Nonetheless, facts found by the trial court are binding absent a showing of an abuse of discretion. *Adams v. Tessener*, 354 N.C. 57, 550 S.E.2d 499 (Aug. 17, 2001) (No. 3PA01). Here, we find there is sufficient evidence to support the conclusion.

[2] Evans further contends the trial court violated N.C. Gen. Stat. § 7B-1111(a)(2) by not making findings that the efforts of DSS to work with her were unsuccessful or that the conditions would not likely be

**IN RE DEXTER**

[147 N.C. App. 110 (2001)]

corrected within twelve months. However, section 7B-1111(a)(2) refers to termination of parental rights actions. This is an action for neglect. We therefore find the trial court did not err and reject Evans's first assignment of error.

**[3]** By Evans's second assignment of error, she argues the trial court erred by terminating its jurisdiction without conducting a review hearing. We disagree.

Where custody is removed from a parent, review hearings must be conducted within ninety days of the dispositional hearing and within six months thereafter. *See* N.C. Gen. Stat. § 7B-906 (1999). Evans argues that unless the trial court makes a finding under section 7B-906(b)(1-5), the hearings cannot be waived. However, section 7B-906(d) provides, in pertinent part, that "[i]f at any time custody is restored to a parent, guardian, custodian, or caretaker the court shall be relieved of the duty to conduct periodic judicial reviews of the placement." *Id.* In the instant case, custody was restored to a parent. In fact, by the trial court terminating jurisdiction as of 26 June 2000, custody of the children was restored to both Evans and Dexter prior to the expiration of the ninety-day period. They were returned to their original, pre-adjudication status as parents. Dexter was given custody to the exclusion of Evans only from the date of the dispositional order until the effective date of the termination of jurisdiction. The trial court had continuing jurisdiction over the case during that short time period based on N.C. Gen. Stat. § 7B-201. Thereafter, once jurisdiction was terminated by its order, the trial court had no further duty or authority to conduct reviews.

Until that termination, however, the trial court correctly noted that the parties had a right to file motions for review. Such a filing would have abrogated the automatic termination of jurisdiction, but no one filed a motion. Accordingly, we hold the trial court did not err in terminating its jurisdiction without conducting a review hearing.

AFFIRMED.

Judges WALKER and McCULLOUGH concur.