IN THE MATTER OF: MITCHELL, M., A MINOR CHILD, D.O.B. 12/24/94

IN THE MATTER OF: MITCHELL, K., A MINOR CHILD, D.O.B. 01/16/98

IN THE MATTER OF: MITCHELL, K., A MINOR CHILD, D.O.B. 02/06/96

No. COA01-488, COA01-489, COA01-490

(Filed 5 February 490)

**1. Trials— continuance denied—no possibility of surprise or prejudice**

There was no error in the denial of respondent-mother's motion for a continuance in a termination of parental rights proceeding where there was no possibility that respondent was unfairly surprised or that her ability to contest the petition was prejudiced. Courts cannot permit parties to disregard the prompt administration of justice; to hold otherwise would let parties determine for themselves when they wish to resolve judicial matters.

**2. Termination of Parental Rights— sufficiency of evidence— mother's admitted drug use**

There was clear, cogent, and convincing evidence supporting the trial court's findings leading to a termination of parental rights where respondent-mother admitted using drugs.

**3. Termination of Parental Rights— disposition—no presumption or burden of proof**

A termination of parental rights proceeding was remanded for a new dispositional hearing where the trial court believed that a presumption that termination was in the best interests of the child arose after a finding of grounds for termination. There is no presumption or burden of proof after a finding of grounds for termination; the determination of best interests is more in the nature of an inquisition, with the trial court having the obligation to secure whatever evidence it deems necessary for the decision.

Judge HUNTER concurring in part and dissenting in part

Appeal by respondent from orders entered 16 November 2000 by Judge C. Randy Pool in Transylvania County District Court. Heard in the Court of Appeals 8 January 2002.

**IN RE MITCHELL**

[148 N.C. App. 483 (2002)]

*H. Paul Averette, for Transylvania County Department of Social Services, petitioner-appellee.*

*Womble Carlyle Sandridge & Rice, by Stuart A. Brock, for Guardian Ad Litem, petitioner-appellee.*

*Charles W. McKeller, for respondent-appellant.*

TYSON, Judge.

## I. Facts

Cynthia Chatman ("respondent"), mother of Mason Mitchell, Kristopher Mitchell, and Kaiden Mitchell ("the children"), appeals from the trial court's orders terminating her parental rights. We affirm in part and reverse in part.

In September 1997, Mason and Kristopher Mitchell were placed in custody of Transylvania County Department of Social Services ("DSS") based upon allegations of neglect. In June 1998, Kaiden Mitchell was placed in custody of DSS upon allegations of neglect. The order adjudicating Kaiden as a neglected and dependent juvenile was filed 20 April 1999 finding substance abuse by respondent. The orders adjudicating Mason and Kristopher neglected do not appear in the records on appeal. An order pursuant to a motion for review, filed 24 April 1998 pertaining to Mason and Kristopher, appears in the record and orders that both parents attend counseling concerning issues of domestic violence, anger management, and substance abuse and dependency.

In July 1998, respondent moved to Oklahoma and then to Tennessee sometime in December 1998. The children remained in foster care. On 28 March 2000, DSS filed a petition to terminate respondent's parental rights to the children. A hearing was scheduled for 12 July 2000. The hearing was continued by the Court on 12 July 2000 to 9 August 2000. The hearing was again continued on 9 August 2000 to 27 September 2000.

Respondent was not present at the adjudication hearing on 27 September 2000, but was represented by counsel. The trial court denied respondent's motion for a continuance. The trial court entered all three orders on 16 November 2000 terminating respondent's parental rights. Respondent appeals from these orders.

IN RE MITCHELL

[148 N.C. App. 483 (2002)]

## II. Issues

The issues presented are whether: (1) the trial court's denial of respondent's motion for a continuance violated her rights to due process and fundamental fairness, (2) the findings of fact and conclusions of law terminating respondent's parental rights were supported by clear, cogent, and convincing evidence, and (3) the trial court improperly shifted the burden of proof to respondent as to the best interests of the children and failed to exercise its discretion under N.C.G.S. § 7B-1110(a).

Respondent's assignment of error to the trial court's denial of her motion to dismiss at the close of petitioner's evidence was not argued in her briefs and is deemed abandoned. N.C. R. App. P. 28(b)(5) (1999).

This Court allowed respondent's motion to consolidate the appeals of the orders terminating her parental rights with respect to her three children, pursuant to Rule 40 of the North Carolina Rules of Appellate Procedure. All three appeals are decided within this opinion. N.C. R. App. P. 40 (1999).

## III. Motion for a Continuance

[1] Respondent argues that the hearing to terminate her parental rights was not properly placed on the trial docket and that the denial of her motion for a continuance denied her due process and the fundamental right to parent her children.

A motion for a continuance is ordinarily addressed to the sound discretion of the trial court, and the ruling will not be disturbed absent a showing of abuse of discretion. *State v. Beck*, 346 N.C. 750, 756, 487 S.E.2d 751, 755 (1997). However, when a motion to continue raises a constitutional issue, the trial court's ruling thereon involves a question of law that is fully reviewable on appeal by examination of the particular circumstances presented in the record. *State v. Jones*, 342 N.C. 523, 530-31, 467 S.E.2d 12, 17 (1996).

In *Shankle v. Shankle*, 289 N.C. 473, 223 S.E.2d 380 (1976), our Supreme Court stated that:

[i]n passing on the motion [for continuance] the trial court must pass on the grounds urged in support of it, and also on the question whether the moving party has acted with diligence and in good faith. . . . [S]ince motions for continuance are generally addressed to the sound discretion of the trial court . . . a denial of

the motion is not an abuse of discretion where the evidence intro-
duced on the motion for a continuance is conflicting or insuffi-
cient. . . . The chief consideration to be weighed in passing upon
the application is whether the grant or denial of a continuance
will be in furtherance of substantial justice.

*Id.* at 483, 223 S.E.2d at 386.

Respondent raised two grounds in support of her motion to con-
tinue the matter: (1) that respondent was unable to obtain trans-
portation to the hearing and (2) that a custody case was pending in
the matter. We note that respondent raises for the first time on appeal
the issue of improper scheduling or notice of the hearing to the trial
court as grounds for her motion for a continuance.

Rule 10(b)(1) of the Rules of Appellate Procedure provides in
pertinent part that "[i]n order to preserve a question for appellate
review, a party must have presented to the trial court a timely
request, objection or motion, stating the specific grounds for the rul-
ing the party desired the court to make if the specific grounds were
not apparent from the context." N.C. R. App. P. 10(b)(1) (1999).
Respondent failed to preserve this issue for review.

In our discretion we have reviewed this issue as if respondent
had preserved it and we conclude that there was no error in deny-
ing the motion for a continuance. N.C.G.S. § 7B-803 directly
addresses the issue of continuances for a hearing involving a ju-
venile matter:

The court may, for good cause, continue the hearing for as long
as is reasonably required to receive additional evidence, reports,
or assessments that the court has requested, or other information
needed in the best interests of the juvenile and to allow for a rea-
sonable time for the parties to conduct expeditious discovery.
Otherwise, continuances shall be granted only in extraordinary
circumstances when necessary for the proper administration of
justice or in the best interests of the juvenile.

N.C. Gen. Stat. § 7B-803 (1999).

Nothing in the record indicates that the court requested
or needed additional information in the best interests of the chil-
dren, that more time was needed for expeditious discovery, or
that extraordinary circumstances necessitated a continuance in this
case.

Respondent knew in May 1998 that DSS would be filing a petition to terminate her parental rights. Respondent was personally served with a summons and a copy of the petition on 4 April 2000, after the trial court ordered disclosure of respondent's address for service. Respondent filed an answer to the petition on 26 May 2000. Notice of hearing was served upon respondent's attorney on 30 June 2000. On 12 July 2000, the court issued an order continuing the matter to 9 August 2000.

Respondent does not argue that she lacked notice of the original hearing or the continuance of the matter to 9 August 2000. Respondent argues that there is no evidence in the record or transcript that she had notice continuing the case from 9 August 2000 to 27 September 2000. This argument is without merit.

The court calendar, which was included in the record, shows the notation by the Clerk of Court that the matter was "continued—re notice—by service on Skerrett." The trial court found as fact that the matter "was originally scheduled to be heard on August 9, 2000, but was continued to be heard on September 27, 2000." The transcript reflects that respondent's attorney, Skerrett, was present at the 27 September 2000 hearing and that attorney Skerrett stated to the trial court that she spoke with respondent the day before the hearing and that "her grandmother had a doctor's appointment this morning so she was going to be unable to bring her up here today. So she's not here today." The record discloses that respondent's absence was voluntary or through her own negligence in failing to obtain adequate transportation. See Mitchell County Dep't of Social Services v. Carpenter, 127 N.C. App. 353, 489 S.E.2d 437 (1997) (respondent's lack of transportation to termination hearing was not excusable neglect).

Respondent knew that the hearing would be held given the facts that she does not contest receiving notice of the original hearing and the order continuing the matter to August. Attorney Skerrett stated at the hearing that she had been representing respondent in this matter for "the past three years." We see no possibility that respondent was unfairly surprised or that her ability to contest the petition to terminate was prejudiced. See In re Taylor, 97 N.C. App. 57, 60, 387 S.E.2d 230, 231 (1990) (respondent or counsel was present in court when the matter was continued gave parties notice that a hearing would be held eliminating any surprise or prejudice); Osborne v. Osborne, 129 N.C. App. 34, 38-39, 497 S.E.2d 113, 116 (1998) (plaintiff was represented by counsel during the hear-

ing, almost a full year had passed since the issues were first scheduled, and plaintiff made no showing of what evidence he would have presented if duly notified of the hearing).

Courts cannot permit parties to disregard the prompt administration of judicial matters. To hold otherwise would let parties determine for themselves when they wish to resolve judicial matters. The goal of the termination statute is for the juvenile "to have a permanent plan of care at the earliest possible age, while at the same time recognizing the need to protect all juveniles from the unnecessary severance of a relationship with biological or legal parents." N.C. Gen. Stat. § 7B-1100(2) (1999). We hold that there was no error in the denial of respondent's motion for a continuance. This assignment of error is overruled.

## IV. Termination of Parental Rights

[2] Termination of parental rights proceedings are conducted in two phases: (1) the adjudication phase which is governed by N.C.G.S. § 7B-1109 and (2) the disposition phase which is governed by N.C.G.S. § 7B-1110. *See In re Young*, 346 N.C. 244, 247, 485 S.E.2d 612, 614-15 (1997); *In re Brim*, 139 N.C. App. 733, 738, 535 S.E.2d 367, 370 (2000). During adjudication, the petitioner has the burden of proof by clear, cogent, and convincing evidence that one or more of the statutory grounds set forth in N.C.G.S. § 7B-1111 for termination exists. *See* N.C. Gen. Stat. § 7B-1109(e)-(f) (1999). The standard of appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusions of law. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), *disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001).

If petitioner meets its burden of proof that grounds for termination are present, the trial court then moves to the disposition phase and must consider whether termination is in the best interests of the child. *See* N.C. Gen. Stat. § 7B-1110(a) (1999); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). The trial court has discretion, if it finds by clear, cogent, and convincing evidence that at least one of the statutory grounds exists, to terminate parental rights upon a finding that it would be in the best interests of the child. *Blackburn*, 142 N.C. App. at 613, 543 S.E.2d at 910. The trial court's decision to terminate parental rights is reviewed under an abuse of discretion standard. *Brim*, 139 N.C. App. at 744, 535 S.E.2d at 373.

**IN RE MITCHELL**

[148 N.C. App. 483 (2002)]

Respondent assigns error to certain findings of fact and conclusions of law by the trial court arguing that they are not supported by clear, cogent, and convincing evidence. In the present case, the trial court found all three of the statutory grounds for termination. *See* N.C. Gen. Stat. § 1111(a)(1)-(3) (1999).

We begin our analysis with subdivision (2), which requires a showing by petitioner that respondent has failed to make "reasonable progress under the circumstances . . . within twelve (12) months in correcting those conditions which led to the removal of the juvenile." N.C. Gen. Stat. § 7B-1111(a)(2). It is undisputed that the children have been in foster care over twelve months. At the time of the termination hearing, Mason and Kristopher had been in foster care for thirty-six months and Kaiden had been in foster care for twenty-seven months. This Court must determine whether there is clear, cogent, and convincing evidence to support the trial court's finding that respondent has failed to make reasonable progress in correcting the conditions which led to the removal of the children.

It is unclear from the record the specific conditions which led to the removal of Mason and Kristopher, due to the failure to include in the record the order adjudicating the children neglected. The record does indicate that the major concerns of DSS were the presence of substance abuse and domestic violence. The order adjudicating Kaiden a neglected and dependent juvenile cites substance abuse by respondent.

Respondent does not dispute the following findings of the trial court:

8. That on May 12, 1998, the mother was taken to the Transylvania Community Hospital for the purpose of taking a drug test . . . the mother refused to take a drug test, admitting to Social Worker Noreda Moody that she had been using crack cocaine.

. . . .

11. [t]hat mother has admitted using drugs with the father as recently as November 1998.

. . . .

17. That the mother has continued to have problems with controlled substances from and since the time that the juvenile has been in the custody of the Department of Social Services and has had positive tests for cocaine and marijuana.

There is evidence in the record to support these findings and we conclude that this evidence was clear, cogent, and convincing. *See In re Moore*, 306 N.C. 394, 405, 293 S.E.2d 127, 133 (1982) (grounds exist where there was no evidence to the contrary). This assignment of error is overruled. Because we hold that termination was proper pursuant to subsection (2) of N.C.G.S. § 7B-1111(a), it is unnecessary to address respondent's assignments of error relating to the other two subsections of the statute. *See Huff*, 140 N.C. App. at 293, 536 S.E.2d at 842.

### V. Best Interests of the Children

**[3]** Respondent contends that the trial court abused its discretion in finding that it would be in the best interests of the children to terminate her parental rights by shifting the burden of proof to respondent and not exercising its discretion.

After the trial court has found by clear, cogent, and convincing evidence that grounds exist for terminating parental rights, N.C.G.S. § 7B-1111, the trial court is required to determine if it is in the best interests of the child that parental rights be terminated. *See* N.C. Gen. Stat. § 7B-1110(a); *Blackburn*, 142 N.C. App. at 613, 543 S.E.2d at 910 (citing *In re Montgomery*, 311 N.C. 101, 316 S.E.2d 246 (1984)). There is no burden of proof on either party at this point in the proceeding and no presumption arises upon a section 7B-1111 finding. *Blackburn*, 142 N.C. App. at 613, 543 S.E.2d at 910. This determination of best interests is more in the nature of an inquisition, with the trial court having the obligation to secure whatever evidence, if any, it deems necessary to make this decision. Either party may offer any relevant evidence. *Id.*

In this case, the trial court conducted both phases of the termination proceeding. However, the trial court erroneously shifted the burden of proof as to the best interests of the children to the respondent.

After finding that one or more grounds exists for termination under N.C.G.S. § 7B-1111(a), the trial court asked if there was any additional evidence to be heard. The attorney for the Guardian ad Litem stated:

Your Honor, I think the statute reads that if you find the grounds then the burden shifts to the respondent mother to show why it's not in their best interest. And if the Court hears none it's deemed

to be in their best interest, so there's no burden on the guardian or the DSS.

The trial court replied:

I think that's generally the way the statute reads. As to the disposition phase, is there any additional evidence on the part of respondent mother?

Attorney for respondent replied:

No.

It is reasonable to construe the comments of the trial court to indicate it believed there arose, upon a finding of a section 7B-1111 ground, a presumption that termination was in the best interests of the children, the respondent was required to rebut this presumption with some evidence, and if she failed to present any such evidence, a termination order would be entered. Thus, the dispositional order must be vacated and this case remanded for a new dispositional hearing. At the new dispositional hearing, because new circumstances may have arisen affecting the best interests of the children since the entry of the first dispositional order, the parties may present new evidence.

Affirmed in part, reversed in part and remanded.

Judge GREENE concurs.

Judge HUNTER concurs in part and dissents in part.

HUNTER, Judge, concurs in part and dissents in part.

I concur with the majority as to issues one and two, but because I would hold that the trial court did not err in determining the best interests of the children, I dissent as to issue three, addressed in part V of the majority opinion. I would affirm the trial court's order in all respects.

The majority determines that the trial court placed an improper burden of proof on respondent during the disposition stage, and that the trial court failed to exercise its discretion in determining whether termination would be in the best interests of the children. The majority evidently bases these conclusions on the fact that the attorney for the guardian ad litem, Ms. Fosmire, told the trial court it was her

IN RE MITCHELL

[148 N.C. App. 483 (2002)]

understanding that if the trial court found grounds for termination, respondent then carries the burden of showing why termination is not in the children's best interests, and if respondent cannot carry this burden, the trial court must terminate respondent's parental rights.

Indeed, "there is no burden of proof at disposition. The court solely considers the best interests of the child." *In re Dexter*, 147 N.C. App. 110, 114, 553 S.E.2d 922, 924 (2001). N.C. Gen. Stat. § 7B-1110(a) (1999) sets forth the proper procedure for the disposition stage, providing that:

Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated.

N.C. Gen. Stat. § 7B-1110(a).

In this case, the record reflects the trial court followed the requirements of the statute. After determining that grounds for termination had been established, the trial court allowed for the introduction of further evidence, which was clearly permissible. *See, e.g.*, *In re Blackburn*, 142 N.C. App. 607, 613, 543 S.E.2d 906, 910 (2001). Neither party presented further evidence, and the trial court then made a determination that the children's best interests would be served by terminating respondent's parental rights. This determination was properly entered in the trial court's orders as its conclusion of law number four:

It is in the best interests of the juvenile[s] that the parental rights of the mother be terminated and that [their] custody be and remain in and with the Transylvania County Department of Social Services pending further Orders herein.

The majority supports its decision by emphasizing that the trial court responded to Ms. Fosmire that the statute was "generally" the way she described. However, such vague a statement does not amount to conclusive proof that the trial court (1) placed any improper burden on respondent; or (2) wholly failed to realize that it was within its discretion to find that termination would not serve the best interests of the children regardless of whether the grounds for termination had been met or whether respondent presented further

evidence during disposition. In termination of parental rights cases, as in other cases, "[t]he presumption is in favor of the correctness of the proceedings in the trial court, . . . and the burden is on the appellant to show error." *In re Moore*, 306 N.C. 394, 403, 293 S.E.2d 127, 132, *reh'g denied*, 306 N.C. 565, —— S.E.2d —— (1982).

The record itself is clear that the trial court appropriately gave the parties an opportunity to present any further evidence during disposition, and thereafter entered a finding determining what the court believed to be in the children's best interests, in accordance with N.C. Gen. Stat. § 7B-1110(a). The record fails to show, and respondent has failed to prove, any error in the trial court's actions. Accordingly, I would affirm the trial court's orders.