IN THE MATTER OF: E.M.V., Minor Child.
No. COA06-486
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
E. Marshall Woodall and Duncan B. McCormick, for petitioner-appellee.
Annick Lenoir-Peek for respondent-appellant mother.
Peter Wood for respondent-appellant father.
Elizabeth Myrick Boone for guardian ad litem.
GEER, Judge.
Respondents appeal from an order of the trial court adjudicating their youngest child "Eddie"[1] to be dependent. We agree with respondents that the trial court's findings of fact are inadequate to support its conclusion of law that Eddie is a dependent child because the court failed to address the availability of appropriate alternative childcare arrangements as required by N.C. Gen. Stat. § 7B-101(9) (2005). We must, therefore, reverse and remand for further proceedings.

Facts
Respondent mother is the biological mother of six children, including Eddie, while respondent father is the biological father of Eddie and three of the remaining five children. On 18 March 2005, the five older children were adjudicated to be neglected juveniles.
At that time, respondents stipulated that they had failed to provide proper care, supervision, and discipline for their five older children and that the children were allowed to live in an environment injurious to their welfare. Specifically, the parties stipulated and the trial court found that respondents subjected their children to unsanitary conditions in the home and exposed the children to an act of domestic violence. The order also noted that there were allegations that the respondent father engaged in inappropriate sexual behavior with the children and improperly disciplined the children by slapping them on the face, biting two of them on the arm, and whipping another child with a spoon.
The older children were removed from the home and placed in the custody of the Harnett County Department of Social Services ("DSS"). The court adopted a reunification plan and ordered the parents to comply with a family services case plan that included participation in parenting classes, therapy, and various other services.
On 27 July 2005, respondent mother gave birth to Eddie. Later that day, DSS filed a juvenile petition alleging that Eddie was neglected and dependent. The petition was based primarily on the prior adjudication of respondents' five older children as neglected and respondents' failure to obtain prenatal care for Eddie. DSS obtained non-secure custody, and Eddie was placed in foster care.
On 26 August 2005, Judge Resson O. Faircloth conducted a review hearing for the five older siblings. At that time, the court ceased reunification efforts as to the older children and terminated visitation. Upon the conclusion of the review hearing, the parties proceeded with the adjudication hearing for Eddie.
At the start of that hearing, DSS introduced the adjudication order as to the five older children and certain medical records. DSS further requested that the court consider, in connection with Eddie's adjudication hearing, all evidence presented at the review hearing. Respondent mother's counsel objected to the introduction of the adjudication order and the medical records. Respondent father's counsel did not object, but made a motion to continue the adjudication hearing.
After overruling respondent mother's objection and denying respondent father's motion to continue, the court conducted the adjudication hearing. Respondent mother's counsel re-called the mother to the stand. No other evidence was presented.
On 14 October 2005, the trial court entered an order adjudicating Eddie as dependent. The court did not find Eddie to be neglected. In support of its conclusion of dependency, the court found that the respondent parents had failed to make reasonable progress on the plan of reunification for the five older siblings; had failed to establish a residence of their own, but rather depended on others for shelter and support; had failed to maintain employment; had failed to participate in suggested services; had failed to seek prenatal care for Eddie until two weeks prior to his birth; had given misleading information to DSS about the expected birth; and had otherwise failed to make appropriate plans to care for Eddie after birth. The trial court held a dispositional hearing and concluded that it was in Eddie's best interest to cease reunification efforts and terminate parental visitation. Both parents timely appealed to this Court.

I
Respondents first challenge the trial court's decision to consider in Eddie's adjudication hearing the evidence presented at the review of custody hearing for the older children. They contend that the evidence was incompetent and irrelevant as to Eddie. Respondent mother also argues that the trial court erred in holding the adjudication hearing immediately after the review hearing. Respondents, however, failed to preserve these arguments for appellate review.
It is well established that "[i]n the absence of an objection at trial, a question may not be reviewed on appeal." In re L.L., 172 N.C. App. 689, 696, 616 S.E.2d 392, 396 (2005). In order to preserve a question for appellate review, "a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1). At the onset of Eddie's adjudication hearing, DSS introduced the adjudication order from the older siblings' case. Counsel for DSS stated: "We'd also introduce into evidence the medical records, and you have heard from the parents and also from [the] Department. We would take the position you'd consider that evidence that's already before the Court." Respondent mother's counsel indicated that she "would oppose the introduction of the adjudication in the prior [children's case] at this point." Counsel argued further:
This baby has just been born and there has been no evidence  nothing since this child has been born tha[t] can even possibly prove neglect, abuse, or even dependency upon this child. This child hasn't even had the opportunity to go into the home of the [parents]. And if they're trying to take custody of this child, I just don't think you can base it upon a previous adjudication, not when this child has not even been in the home.
Respondent father's counsel did not make any objection at all, but simply stated: "Your Honor, I just wanted to make a motion to continue at least for the record . . . ."
Counsel for DSS then stated: "I'm formally asking that the evidence that's already been heard be considered in this hearing." In response, respondent mother's counsel stated only: "Well, Your Honor, as far as the medical records for [Eddie], I believe, there's no doctor here to authenticate those records. So we would oppose any such introduction at this time." Neither of respondents' counsel otherwise objected to the introduction of the review hearing evidence.
The very specific objections of respondent mother and the conclusory motion to continue by respondent father cannot reasonably be construed as objecting to the introduction of the review hearing evidence or to the mother's objecting to the court's proceeding with the adjudication hearing immediately after the review hearing. Accordingly, these issues have not been properly preserved for review by either parent, and these assignments of error are, therefore, overruled.

II
Respondent father next argues that the trial court erred by denying his motion to continue the adjudication hearing. Respondent mother did not join in this motion and, therefore, cannot rely upon it as a basis for reversing the trial court's order.
The denial of a motion to continue is reviewed under an abuse of discretion standard. In re Humphrey, 156 N.C. App. 533, 538, 577 S.E.2d 421, 425 (2003). N.C. Gen. Stat. § 7B-803 (2005) provides that the trial court may grant a continuance "to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interests of the juvenile." The party seeking a continuance has the burden of showing sufficient grounds for it. Humphrey, 156 N.C. App. at 538, 577 S.E.2d at 425.
Here, counsel for respondent father made a timely motion to continue "for the record," but did not provide any explanation as to why a continuance was necessary. In the absence of a specification of grounds for a continuance, we cannot conclude that the trial court abused its discretion in denying the unsupported request. See N.C.R. App. P. 10(b)(1) (requiring as a prerequisite for appellate review that the party not only present an issue to the trial court first, but that he or she also "stat[e] the specific grounds for the ruling the party desired the court to make"); see also In re Mitchell, 148 N.C. App. 483, 486, 559 S.E.2d 237, 240 (holding that a motion to continue was properly denied when, contrary to N.C. Gen. Stat. § 7B-803, "[n]othing in the record indicat[ed] that the court requested or needed additional information in the best interests of the children, that more time was needed for expeditious discovery, or that extraordinary circumstances necessitated a continuance"), rev'd per curiam on other grounds, 356 N.C. 288, 570 S.E.2d 212 (2002). We, therefore, overrule this assignment of error.

III
Respondents next challenge the trial court's determination that Eddie is a dependent child. When reviewing a non-jury adjudication of dependency, this Court must determine (1) whether the findings of fact are supported by clear and convincing competent evidence and (2) whether the legal conclusions are supported by the findings of fact. In re Gleisner, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000). Where supported by competent evidence, the trial court's findings of fact are deemed conclusive, even when some evidence would support contrary findings. In re Helms, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997).
Respondents challenge a number of findings of fact on the basis that the review hearing evidence was inadmissible and should not have been considered by the trial court. As we have rejected that argument, we do not need to further address these assignments of error.
With respect to certain other findings of fact, although respondent father assigned error to them, he then failed to present any argument in his brief as to why those findings were not supported by the evidence. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated . . . will be taken as abandoned." N.C.R. App. P. 28(b)(6). We therefore deem the father's assignments of error as to the remaining findings of fact abandoned.
Respondent mother, however, specifically argued in her brief that findings of fact seven through nine were not supported by competent evidence. Those findings of fact stated:
7. Since March 18, 2005, respondents have failed to make reasonable progress on the plan of reunification of the [five older juveniles found to be neglected] (Foster Care Case Plan).
8. The respondents have failed to establish a residence of their own and have not maintained a stable home environment but have elected to depend on others for their shelter and support, have failed to maintain employment to be able to support the juvenile and establish a home, failed to participate in suggested services offered and generally failed to make reasonable progress on the plan of reunification.
9. The respondent parents have failed to extend proper care to the juvenile in that:
a. The parents did not seek pre-natal care until two weeks prior to birth; and
b. The parents gave incorrect information to DSS about the juveniles and the expected birth; and
c. The parents did not make appropriate plans for the care of the juvenile after his birth.
A review of the record, however, establishes that each of these findings of fact is supported by competent evidence presented in the review hearing for the five older siblings and in the mother's testimony during Eddie's adjudication hearing. While respondent mother disagrees with the trial court's interpretation of that evidence, the trial court was entitled, based on the evidence, to reach the factual conclusions that it did.
In addition, respondents argue that the trial court's findings of fact were insufficient to support a determination of dependency. A dependent child is defined as a "juvenile in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-101(9). Prior to concluding that a child is dependent, the trial court must, therefore, address both (1) the parents' ability to provide care or supervision and (2) the availability to the parents of alternative child care arrangements. In re P.M., 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005). Here, while the trial court found that Eddie would be subject to a substantial risk of inappropriate care, supervision, or discipline if he were placed with his parents, the court failed to address the availability of appropriate alternative child care arrangements. Our review of the adjudication hearing transcript indicates that the trial court made an oral statement to the effect that respondents lacked appropriate alternative child care. The court, however, failed to reduce this observation to writing in the adjudication order, as required by N.C. Gen. Stat. § 7B-807 (2005).
We acknowledge that the trial court's written dispositional order does include findings of fact as to the lack of available alternative child care arrangements. Nevertheless, those dispositional findings are insufficient to support an adjudication of dependency. It is settled law that a proceeding adjudicating dependency, neglect, or abuse involves two independent and distinct stages: the adjudication stage governed by N.C. Gen. Stat. § 7B-805 (2005) and the disposition stage governed by N.C. Gen. Stat. § 7B-901 (2005). In re O.W., 164 N.C. App. 699, 701, 596 S.E.2d 851, 853 (2004). Accordingly, a finding of fact on disposition does not satisfy the statutory requirement that the adjudication order "contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-807(b).
When the trial court fails to make a finding of fact as to the availability of alternative child care arrangements in the adjudication order, an adjudication of dependency should be reversed and the case remanded to the trial court for further findings of fact. See In re K.D., ___ N.C. App. ___, ___, 631 S.E.2d 150, 155 (2006) ("[T]he trial court's language in the adjudication order tracks the first prong of the definition of dependency, but ignores the second. We, therefore, reverse as to K.D.'s dependency, and remand to the trial court for further findings as to whether K.D. lacks 'an appropriate alternative child care arrangement.'"). Accordingly, we are compelled to reverse the trial court's adjudication of dependency and remand for further proceedings. In light of our resolution of this appeal, we need not address respondents' remaining arguments.
Affirmed in part, reversed in part, and remanded.
Judges LEVINSON and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] This Court has adopted "Eddie" as a pseudonym for the child in order to protect his privacy.