An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1305

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

DELORES BENTON EVANS,
     Plaintiff-Appellant,

v.                                    Durham County
                                      No. 90 CVD 123
EARL MARSHALL EVANS, SR., BY AND
THROUGH HIS COURT-APPOINTED
GUARDIAN, CHARLES L. STEEL IV,
     Defendant-Appellee


Appeal by Plaintiff from order entered 29 August 2013 by Judge James T. Hill in District Court, Durham County. Heard in the Court of Appeals 7 April 2014.


> *Graebe Hanna & Sullivan, PLLC, by Christopher T. Graebe and Mark R. Sigmon, for Plaintiff-Appellant.*

> *Eric C. Michaux, by Eric C. Michaux; and Williams Mullen, by Robert W. Shaw, for Defendant-Appellee.*


McGEE, Judge.


Delores Benton Evans ("Plaintiff") and Earl Marshall Evans, Sr. ("Defendant") were married on 16 August 1969. Plaintiff filed for divorce, child support, and equitable distribution on 10 January 1990. The trial court entered a consent judgment as

to the division of the marital property on 8 December 1992. Paragraphs 2, 4, and 5 of the consent judgment are of particular relevance to this appeal.

Pursuant to paragraph 2, Defendant agreed to "execute and to deliver to [] Plaintiff two (2) promissory notes, simultaneously upon the execution of this Consent Judgment by the parties." One promissory note was to be in the amount of $25,000.00 and would be due on or before 15 January 1993. The second promissory note was to be in the amount of $200,000.00 and would be due on or before 15 November 1993. In paragraph 4 of the consent judgment, Defendant agreed "to pay all principal, interest, taxes and insurances that are currently owed or that may hereafter become due and payable on" the beach house on Topsail Island that Plaintiff and Defendant owned as tenants in common.

The consent judgment provided that, if the foregoing conditions were "satisfied in their entirety,"

> Plaintiff shall execute and deliver to [] Defendant quitclaim deeds conveying all her rights, title and interest in the following properties, subject to all mortgages of record:
>
> a. A shopping center located at 2500 Fayetteville Street, Durham, North Carolina;
>
> b. A house and lot located at 1610 Fayetteville Street, Durham, North Carolina;

c. A service station and lot located at 909 Alston Avenue, Durham, North Carolina;

d. An office building and lot located at 2808 Fayetteville Street, Durham, North Carolina;

e. A house and lot located at 808 Ridgeway Street, Durham, North Carolina;

f. A 50 acre tract of land in Granville County, North Carolina;

g. A 45 acre tract of land on Hopkins Road in Durham County, North Carolina;

h. A store and lot located at 370 Old Oxford Road, Durham, North Carolina; and

i. A lot(s) located on Lee Street, Durham County, North Carolina.

Defendant was found incompetent by order of the Clerk of Superior Court, Durham County, on 3 January 2012, and Charles L. Steel, IV ("Mr. Steel"), was appointed as Defendant's guardian of the estate. Mr. Steel filed a document titled "Motion to Show Cause"[1] on 12 April 2013, alleging that Defendant performed "all of his responsibilities and requirements" under the consent judgment. Mr. Steel alleged that Plaintiff failed to transfer four tracts of real property, as provided in the consent judgment, and requested that the trial court find Plaintiff in contempt and require Plaintiff to transfer the properties to Defendant.

---

[1] Despite the title of the document, the body of the document asks the trial court to hold Plaintiff in contempt.

The trial court held a hearing on Mr. Steel's motion on 29 July 2013. The trial court heard testimony from Mr. Steel, Floyd McKissick, Jr., and John Perry. The trial court also admitted into evidence depositions of Mr. Steel and Plaintiff and various affidavits. The trial court entered an order on 29 August 2013, finding that:

> (1) "Plaintiff, by her conduct and representations to Defendant, conveyed to Defendant her position that the Consent Judgment remained enforceable by both parties through 2003, notwithstanding the statute of limitations for enforcing the Consent Judgment."

> (2) "In 1996 Plaintiff and Defendant replaced 1992 Note #2 with a new promissory note for $250,000 (the "1996 Note"). The 1996 Note was an extension and modification of 1992 Note #2 in the amount of $200,000.00."

> (3) "Defendant satisfied the obligations of paragraph 2 of the Consent Judgment by a payment of $203,758.82 on August 27, 2003, his last remaining obligation under the Consent Judgment."

The trial court ordered that Plaintiff execute and deliver the quitclaim deeds Defendant requested. Plaintiff appeals.

Plaintiff first argues the trial court erred by placing the burden of proof on Plaintiff. N.C. Gen. Stat. § 5A-23(a1) (2013) provides as follows:

> Proceedings for civil contempt may be initiated by motion of an aggrieved party giving notice to the alleged contemnor to

> appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt. . . . The motion must include a sworn statement or affidavit by the aggrieved party setting forth the reasons why the alleged contemnor should be held in civil contempt. **The burden of proof in a hearing pursuant to this subsection shall be on the aggrieved party.**

N.C.G.S. § 5A-23(a1) (emphasis added).

In *Trivette v. Trivette*, 162 N.C. App. 55, 61, 590 S.E.2d 298, 303 (2004), this Court vacated the adjudication of contempt where the trial court found that the alleged contemnor "did not show cause as to why his failure to pay his child support obligations was not wilful, [the alleged contemnor] was *per se* wilfully in contempt of the mediated consent order." *Id.* "Because the trial court erroneously placed the burden on [the alleged contemnor] to prove a lack of wilful contempt, the trial court's finding of fact does not support its conclusion of law." *Id.*

Likewise, in the present case, the contempt proceeding was initiated by a motion filed by Defendant, the alleged aggrieved party, rather than by an order or notice issued by a judicial official. Thus, there is no basis to place the burden of proof on the alleged contemnor in this case. *Id.* at 60, 590 S.E.2d at 303. The trial court found: "Plaintiff has failed to show cause as to why she should not be held in contempt of this [c]ourt's

- 6 -

Consent Judgment." The trial court also stated: "This [c]ourt FINDS that Plaintiff has failed to show cause why she should not be held in contempt, and is HEREBY ADJUDGED to be willfully IN CONTEMPT of the Consent Judgment." The foregoing statements indicate that the trial court erroneously placed the burden on Plaintiff. In accordance with *Trivette*, we must vacate the trial court's order.

Vacated.

Chief Judge MARTIN and Judge CALABRIA concur.

Report per Rule 30(e).